## THE VIRGINIA AND TRUCKEE RAILROAD COMPANY, RESPONDENT, v. JOHN A. LOVEJOY, APPELLANT.

EMINENT DOMAIN—CONDEMNATION OF LAND FOR RAILROAD AFTER ORIGINAL CONSTRUCTION. The fact that a railroad has been constructed according to the surveys and maps originally filed, does not prevent it from condemning other land which may be necessary and proper for its purposes; and a petition for condemnation under such circumstances is not demurrable for setting up such construction.

REPORT OF COMMISSIONERS TO "SET FORTH THEIR PROCEEDINGS." A report of commissioners, appointed to assess the value of lands to be taken for railroad purposes as provided by law, (Stats. 1864–5, 427, Sec. 30) which fails to show that they or a majority of them met at the time and place ordered and before entering on their duties were duly sworn, as required by the law, is not sufficient; and it is error to confirm such a report.

APPRAISAL OF LAND TAKEN BY RAILROAD AFTER ORIGINAL CONSTRUCTION. It seems that when land is condemned for a railroad after its original construction, the owner is entitled to the actual market value of the property at the time of taking, without deduction for any appreciation in value caused by the previous location and construction of the road.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an application to the court below for the condemnation for railroad purposes of about one and three fifths acres of ground belonging to defendant on the east side of Carson City. The petition set forth, among other things, that the petitioning company was "actively engaged in the operation of its railroad heretofore constructed between the City of Virginia, in the County of Storey, and the City of Carson, in the County of Ormsby, State of Nevada; that the present principal termini of said railroad are said cities of Virginia and Carson and said railroad has been heretofore constructed and put in operation between said cities; that prior to the construction of the aforesaid portion of said railroad a survey thereof was completed and a map thereof made; that the line as surveyed and laid down on said map was adopted by your petitioner as the route of said railroad and the said railroad was constructed in accordance therewith, and that the map herewith filed shows

the route of said road over the premises hereinafter de-
cribed, to wit: a certain tract situate in Ormsby County,
State of Nevada, being the north half of the northeast quar-
ter of section 17, Township 15 North, Range 20 East, ac-
cording to the public surveys of the United States; that the
following described portions of said tract are necessary to
petitioner for the purpose of the construction of depots and
side tracks, to wit: [describing in two small pieces the land
desired]; that both of said described portions of said tract
are contiguous to the main track of petitioner's railroad and
are necessary and proper to petitioner for the purpose of a
depot, and the said last above described portion is neces-
sary and proper for the maintenance and construction over
and across the same of a side track from said main track of
petitioner's railroad, as shown upon the map herewith filed."
The petition further set forth that it had been in possession
of the land for several months, using it for the purposes
aforesaid; that defendant claimed to be the owner; that it
had failed in its endeavors to purchase the same, and prayed
for the appointment of commissioners, in accordance with
the statute in such case made and provided, to assess the
compensation to be paid to defendant, etc.

The defendant interposed a demurrer to the petition on
the ground that it appeared from said petition that the rail-
road mentioned therein was, before the filing of said peti-
tion, completed from its initial terminus, Virginia City
in Storey County, to and beyond Carson City in Ormsby
County—the present latter terminus being west of said Car-
son City, and the land of defendant sought to be condemned
being east of and adjoining said Carson City and traversed
by said completed portion of said railroad; and that the
land sought to be condemned was therefore not needed and
could not be used in the *construction* of said railroad.

The demurrer was overruled and the defendant then put
in an answer setting up substantially the same defense
chalked out in the demurrer and denying that the railroad
needed the land or that its condemnation would in any re-
spect benefit the public.   Upon a hearing, the court decided

Virginia and Truckee Railroad Company v. Lovejoy.

in favor of the petitioner; appointed commissioners; and, in accordance with the statute, made an order for their first meeting at a certain time and place, to wit: "Monday next, at 10 o'clock, A. M., at the office of the clerk of this court, and that their report be filed on or before the 8th day of September, 1871."

Two of the commissioners filed a report on September 12, 1871. It recites as follows: "That we, said commissioners, in pursuance of the order of the court, held our first meeting on Monday, September 4, 1871, at the hour of ten o'clock in the forenoon of said day and at the office of the clerk of this court, and thereupon, owing to the illness of Commissioner Crawford, said meeting was duly adjourned until the following day, Tuesday, September 5, 1871, at the same hour and place; that at the time and place fixed as aforesaid, we said commissioners met, all being present, and thereupon proceeded to view the several tracts of land described in said amended petition and as ordered by the court, and thereupon adjourned the further hearing until Saturday, September 9, 1871, at 10 o'clock, A. M." The report proceeds to recite that the parties appeared before the commissioners and introduced witnesses, the substance of whose testimony is set forth; that the commissioners heard counsel; and that after due consideration and being fully advised they ascertained and assessed the compensation for the land sought to be appropriated at $300 in gold coin. Upon this report judgment appears to have been entered.

Defendant moved for a new trial upon the records and certain affidavits setting forth, among other things, that some of the material testimony in his favor was not correctly reported by the commissioners. The motion was overruled; and defendant then appealed from the judgment and order.

*Thomas Wells*, for Appellant.

I. The demurrer should have been sustained. When a railroad company files its map of its route of road, if the same then run over private lands, it must before constructing its track, side tracks, turn-outs, turn-tables, switches,

depots, machine shops, etc., ascertain just what private lands it will need for any and all of those purposes, have it condemned by commissioners, (if the price to be paid therefor can not be agreed upon) pay for and take possession of it, and then proceed with the work of construction. After a road has been constructed and put in operation, no condemnation can be made—there is no provision of law for any such proceeding. If a company, after its road has been built and put in operation, want land contiguous to it belonging to a party as private property it must obtain such land, if at all, at private sale, as any other natural or artificial person would. See 2 Ohio St. 235; 17 Ohio, 349; 1 Redf. on Law of Railways, 390, § 10; 10 Conn. 157; 12 Conn. 360.

II. There was error in overruling defendant's motion for new trial. In support of his motion defendant obtained the affidavits of two of the witnesses, showing that the testimony was not correctly reported to the court by the commission. The commission, in all such cases, must make a report "setting forth their proceedings in the premises," as required by law. (Stats. 1864–5, 427, Sec. 30.) They must not garble or misstate the evidence. If they do, how can the court or judge determine whether the award made by them is too exorbitant or too small?

*W. S. Wood,* for Respondent.

I. The point which defendant asks this court to consider is, in effect, that under the act authorizing the acquiring of lands for railroad purposes, a company is bound in the first instance to define all the lands it wants or may want in the future; that though its business may increase, its necessities become extended, its needs enlarged, still it must be confined to the quantity originally taken or used. There is nothing in the statute nor in any of the authorities, to justify so limited a construction, nothing which ought to induce this court to discard all ideas of progress and bind railroad companies down to a rule which would work so great a hardship and manifestly tend to obstruct the very purpose for

which their organization is permitted. See *C. B. & Q. R. R. Co.* v. *Wilson*, 17 Ill. 127; 47 Maine, 35; 1 Redfield on Railways, 345; *South Carolina Railways* v. *Blake*, 9 Rich. 228; 18 Illinois, 324.

II. No ground exists for setting aside the award. By statute the commissioners are required to view the premises. This duty was imposed upon them for some purpose and I contend for none other than to inform them of the situation and character of the property, so that they might be enabled to make up their minds concerning the proper amount of compensation to be allowed; in other words, as has been said, to make witnesses of the commissioners themselves. *C. P. R. R. Co.* v. *Pearson*, 35 Cal. 261. We cannot regard the commissioners as witnesses and then suffer their judgment to be balanced or outweighed by the opinions expressed in opposing affidavits. The judgment expressed by the commissioners upon questions of value may combine the opinions of a hundred men, who are in all respects as well qualified to form just conclusions as those who make opposing affidavits.

By the Court, GARBER, J.:

The demurrer to the petition was properly overruled. *Toledo and Wabash Railway Co.* v. *Daniels*, 16 Ohio St. 390.

The report of the commissioners fails to show that they, or a majority of them, met at the time and place ordered, and before entering on their duties were duly sworn to honestly, faithfully, and impartially perform the duties imposed upon them. For this reason the court erred in confirming the report. *New Jersey Railroad and Transportation Company* v. *Suydam*, 2 Harrison, N. J. 25; *C. P. R. R. Co.* v. *Pearson*, 35 Cal. 258.

This dispenses with the necessity of deciding whether the affidavits in the record show good cause for setting aside the report. The safer way, however, is to set forth the evidence word for word, fully and accurately, in the report.

And it would not be amiss, in order to guard against all complaints of the kind here made, for the commissioners to take the testimony as depositions are taken, causing each witness to sign his name thereto at the time.

The statutory provision that, in assessing the compensation, allowance shall be made for any benefit or advantage that will accrue by reason of the construction of the road, seems to be inapplicable to this case. And consequently the relevancy of some portions of the testimony may admit of question. The appellant was entitled to the actual market value of the property at the time of taking, without deduction for any appreciation in value caused by the previous location and construction of the road.

The order appealed from is reversed and the proceeding remanded for further action in the court below.