# Smith *v.* Vaughan.

### *Bill in Equity to enforce Vendor's Lien.*

78   201
94   593
78   201
102   419
78   201
111   192
78   201
128   183

1. *Vendor's lien; partial payment in cotton.*—A written obligation for the delivery of cotton, in payment for the purchase-money for lands, does not create a lien on any particular cotton; and cotton being subsequently delivered by the maker to the payee, its application is governed by the same rules which regulate general payments by a debtor to his creditor; it may be shown to have been applied, by agreement, to another indebtedness.

2. *Amendment of bill; when necessary.*—An amendment of the bill is necessary to bring forward new matter in avoidance of matter set up in the answer, but is neither necessary nor proper to traverse defenses set up in the answer.

3. *Register's findings on facts; when will not be disturbed.*—On appeal from the chancellor's decree, overruling exceptions to the register's report on a disputed question of fact, the decree will not be disturbed, unless it is shown to be clearly wrong.

APPEAL from Tallapoosa Chancery Court.
Heard before the Hon. N. S. GRAHAM.

W. D. BULGER, for appellant.

JOHN A. TERRELL, *contra.*

CLOPTON, J.—It may be conceded that, when a note is a lien on cotton, or other property, and the property is delivered to the payee, it is his duty, in the absence of instructions or an agreement, to apply the proceeds of its sale to the payment of the note. The obligations given by the defendant (Smith) to

Gamble are for cotton, as the consideration price of lands. Whilst Gamble has a lien on the lands for the purchase-money, he has none on any cotton. The rules applicable to the deliveries of cotton in this case are the same as to general payments, where the debtor owes two or more debts to the same person.

The bill is brought by the complainant, as the transferree of Gamble, to enforce a vendor's lien on the lands, for the payment of a balance claimed to be due on the cotton obligations. The answer sets up the delivery of cotton sufficient to satisfy them. Payment of the cotton obligations was a disputed fact, to which much of the evidence was directed. It was not necessary for the complainant to amend his bill, after the coming in of the answer, by averring other debts, and an agreement that a part of the cotton delivered should be applied to their payment. When the complainant seeks to avoid matter set up in the answer by new matter, it should be introduced by amendment; but an amendment is neither necessary nor proper to traverse defenses set up in the answer.—*Lanier v. Hill*, 30 Ala. 117. On the reference before the register, the burden was on the defendant to show, *prima facie*, the delivery of sufficient cotton; and this being done, it was competent for the complainant to establish that there were other debts, to which a part of the general payments of cotton was applied by agreement of the parties. By this means, the amounts actually paid on the cotton obligations could be ascertained.—*Robinson v. Allison*, 36 Ala. 525.

Gamble testified to the justness of the other claims, and to the appropriation, by agreement, of a portion of the cotton to their payment. This was denied by Smith in his testimony. A matter was thus presented to be determined by the register on the credibility of the witnesses. On appeal from the decree of the chancellor, overruling exceptions to the register's findings of facts, all reasonable presumptions will be indulged in support of his rulings, and the decree will not be reversed, unless it is shown to be clearly wrong.—*Winter v. Banks*, 72 Ala. 409. It does not clearly appear that the register erred in weighing the evidence.

Affirmed.