# Betts *v.* Sykes.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien; contract for sale or division of both real and personal property.*—While upholding the equitable doctrine of enforcing a vendor's lien for the unpaid purchase-money of land, as established by the cases cited, this court will not extend the principle to a sale of real

[Betts v. Sykes.]

and personal property in gross, not distinguishing the agreed price or value of each, nor furnishing *data* from which it can be ascertained.

2. *Same; case at bar.*—Where two married sisters, sole heirs and distributees of the estate of their deceased father, united with their husbands in a written agreement for the division and distribution of the estate, by the terms of which, not using any words of conveyance, one was to take certain lands, and pay the other $500, while the second was to take certain other lands, with all the other property of the estate, pay all the debts, and save the first harmless against them; the contract not showing that the $500 was the estimated difference in value between the two tracts of land, nor furnishing any *data* from which that fact could be inferred; *held*, that a vendor's lien did not arise on account of the non-payment of the $500.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. S. K. McSpadden.

The bill in this case was filed on the 5th May, 1886, by Andrew J. Sykes and wife, against Edward C. Betts and wife; and sought to enforce an alleged vendor's lien on a certain tract of land, on account of the non-payment of $500, part of the agreed price, under the terms of a written contract between the parties for the division and distribution of the estate of John M. Swoope, deceased, who was the father of Mrs. Sykes and Mrs. Betts. The material parts of the agreement, a copy of which was made an exhibit to the bill, are copied in the opinion of the court. The defendants filed a demurrer to the bill, alleging as grounds of demurrer, among other thing, that by the terms of the written contract, as shown by the exhibit, the price or value of the land was not the sole consideration of the promise to pay the $500. The chancellor overruled the demurrer, and his decretal order is now assigned as error.

SHELBY, WALKER & SPRAGINS, for appellants, cited *Thomason v. Cooper*, 57 Ala. 560; *Stringfellow v. Ivie*, 73 Ala. 209; *McCandlish v. Keen*, 13 Gratt. 615; *Meigs v. Dimock*, 6 Conn. 458; *Chapman v. Beardsley*, 31 Conn. 115; 3 Pomeroy's Equity, § 1251, note.

BRICKELL, SEMPLE & GUNTER, *contra*, cited *Bankhead v. Owen*, 60 Ala. 457; *Lowery v. Peterson*, 75 Ala. 109; *Terry v. Keaton*, 58 Ala. 667; *Woodward v. Echols*, 58 Ala. 665.

STONE, C. J.—The wives of complainant and defendant are sisters, and are the only children of John M. Swoope, deceased, who died intestate. Each of them succeeded to an estate at his death, which they would hold as tenants in common, and as statutory separate estate. Joint tenancy is abolished under our statutes. As we understand the averments of the bill, there was no administration on the

[Betts v. Sykes.]

estate of Mr. Swoope. The two sisters, being married women, with their husbands met together, and, by written contract, agreed on a division of the property. The agreement was signed by all, and properly witnessed, but contains no words of release, grant, or conveyance. It left the legal title where the descent from Swoope had placed it.

By the agreement of division, Mrs. Betts was to have certain specified real estate, and pay Mrs. Sykes five hundred dollars; and Mrs. Sykes was to have certain other specified real estate, "and all other property, real, personal and mixed, and *choses* in action belonging to said estate. Said A. J. Sykes and Emma C. Sykes also agree to pay all the debts of said estate, and · · bind themselves to said Edward C. Betts and Virginia Betts that they will save them harmless against any and all liability for any and all debts owing by the estate of J. M. Swoope, and that the said Sykes and wife will pay the same themselves."

As we understand this agreement, it was intended to take the place of administration, division, and distribution of the Swoope estate, and to make a full settlement of the succession. It is, in form, a single contract, and not two or more separable contracts, blended in one writing. It imposed certain obligations on each, and conferred certain rights on each. No *data* are furnished for measuring the individual benefits or burdens which would fall to the lot of either of the contracting parties. We are not informed which of the sisters obtained lands of greater value, nor whether the debts of the estate exceeded in value, or fell short of that of "the other property, real, personal and mixed, and *choses* in action," which Mrs. Sykes obtained in the division. The natural interpretation of the agreement is, that computing the net benefits each sister received in the entire division, Mrs. Betts received five hundred dollars more than her share, and Mrs. Sykes that much less than her share. We are thus left in doubt and uncertainty, whether the promise to pay five hundred dollars was based on an agreed difference in the value of the lands; whether it was the difference between the " other property " which went to Mrs. Sykes in the division, and the debts of the estate she assumed to pay and did pay; or whether it was the agreed resultant of these two factors combined.

The equitable doctrine of enforcing the vendor's lien, for unpaid purchase-money of lands sold, has been steadfastly maintained in this court, in its full strength, and it is not our intention to weaken or impair that doctrine.—*Bunkley v. Lynch*, 47 Ala. 210; *Buford v. McCormick*, 57 Ala. 428; *Bryant v. Stephens*, 58 Ala. 636; *Terry v. Keaton*, *Ib.* 667;

[Montgomery Advertiser Co. v. Burke.]

*Norman v. Harrington*, 62 Ala. 107; *Newbold v. Smart*, 67 Ala. 326; *Young v. Hawkins*, 74 Ala. 371; *Flournoy v. Harper*, 81 Ala. 494; 1 So. Rep. 545. The principles declared in some of these cases probably go beyond the doctrine declared in other. jurisdictions.—*McCandlish v. Keen*, 13 Gratt. 615; *Meigs v. Dimock*, 6 Conn. 458; *Chapman v. Beardsley*, 31 Conn. 115. We will adhere to our rulings.

The principle we have been discussing, however, has no application to the sale of personal effects. To come within the principle, the debt must be contracted in the purchase of real estate, and no other consideration must, in the slightest degree, enter into it. If it be uncertain whether the debt sought to be collected rests alone for its consideration on the lands on which the bill seeks to fasten the lien, or whether it rests on something else, or on the lands and something else, then the doctrine can not be applied, for most obvious reasons. Much less can it be applied when, as in this case, we have no means of ascertaining whether difference in the value of the lands interchanged and partitioned was the consideration of the promise, or whether there was, in fact, any difference in the values. *Stringfellow v. Ivie*, 73 Ala. 209; *Williams v. McCarty*, 74 Ala. 295; 3 Pom. Eq. § 1251.

If there be anything in the argument, that Mrs. Sykes could maintain ejectment for the land, and thus cast on Betts and wife the necessity of becoming actors for specific performance, in which event they would be required to do equity as a condition of relief; the answer is, that is not this case. The present case must fail, because it does not make a case for the relief it prays.

The decretal order of the chancellor is reversed, and a decree here rendered, sustaining the fourth, fifth, and sixth grounds of demurrer.

Reversed and rendered.