# Cooper *v.* Anniston & Atlantic Railroad Company.

*Bill in Equity for Injunction against Railroad Company, in matter of Proceedings for Condemnation of Right of Way.*

1. *Condemnation of right of way by railroad company; equitable relief against, on account of errors of law.*—Errors of law committed in proceedings for the condemnation of a right of way by a railroad company, of which, if not waived, advantage may be taken before the probate judge, or before the Circuit Court on appeal, furnish no ground for equitable interference by injunction.

2. *Same; second condemnation, on change of location.*—The power to condemn lands for a right of way for a railroad is not exhausted by a single proceeding, nor is a change of location thereby precluded; and when an application is made for a new route, it requires a clear case of abuse to justify its refusal on the ground that it is unnecessary.

3. *Same; insolvency of railroad company.*—The alleged insolvency of the railroad company, and its consequent inability to pay the damages assessed, is no ground for an injunction against the condemnation proceedings, since the land-owner has adequate remedies for the enforcement of his rights.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 8th December, 1887, by O. W. Cooper and others, land-owners in the town of Anniston, against the Anniston & Atlantic Railroad Company, a domestic corporation organized under the general statutes; and sought to enjoin the further prosecution by the defendant of proceedings for the condemnation of a right of way for its road through the complainants' lands. The condemnation proceedings were commenced on the 27th September, 1887, by a petition addressed to the probate judge, asking the appointment of seven commissioners to assess the damages to the lands of the several defendants; a copy of which petition was made an exhibit to the bill in this case. The commissioners awarded to the complainants, as the bill alleged,

[Cooper v. Anniston & Atlantic R. R. Co.]

$745.45 as damages, and this amount was deposited with the probate judge; and the complainants took an appeal to the Circuit Court.  The bill alleged that the petition was substantially defective, and the condemnation proceedings illegal and void, on several specific grounds: that several different land-owners were improperly joined as defendants, and a private corporation was made a defendant with them; that the petition did not allege that the proposed right of way was intended for a public use, nor was it so in fact; that it did not allege the permission of the corporate authorities of Anniston for the proposed railroad through the town; that the railroad company already had a track in operation, running parallel to the proposed route, and not more than one hundred and fifty yards from it at the farthest point; that it showed no right to change the location of its road, nor was a change required by public necessity, or for public purposes; that the proposed change of route was threatened by defendant's agent, thereby cutting off complainants from their "Georgia Pacific front," unless complainants would consent to another change which he desired to make; that complainants' land was worth $2,500 per acre, and the damages assessed were grossly inadequate as compensation; that the railroad was mortgaged to the amount of $400,000, and the railroad company was in fact insolvent.

An injunction was granted on the filing of the bill, by Hon. *L. F. Box;* and after answer filed, in which was incorporated a demurrer to the bill for want of equity, the defendant submitted a motion to dissolve the injunction, on the denials of the answer, and for want of equity in the bill. The chancellor dissolved the injunction on the denials of the answer, but held that the bill contained equity; and his decree, dissolving the injunction on that ground, is now assigned as error.

E. H. HANNA, for appellants, cited High on Injunctions, §§ 389, 392, 395, 412, 769; Boone on Corporations, §§ 149, 247, 251–56; Pearce on Railroads, 144, 170; 75 Ala. 275.

BROTHERS & WILLETT, *contra,* cited *Miss. & Tenn. Railroad Co. v. Devaney,* 42 Miss. 555; *Chicago Railroad Co. v. Wilson,* 17 Ill. 123; 26 Kans. 669; 104 Ill. 323; 36 Conn. 196; Mills on Eminent Domain, § 58a; 1 Rorer on Railroads, 274; 1 Redf. Railroads, 261; 1 Wood on Railroads, 657; 4 Ohio St. 308; 17 L. J. N. S. 235; 1 Md. 553;

[Cooper v. Anniston & Atlantic R. R. Co.]

67 Cal. 429; 34 Vt. 484; 23 Wall. 108; 5 Wall. 413; 37 Md. 537; 30 Iowa, 94; 9 N. Y. 100; 3 Paige, 45; 2 Dev. & Bat. 451; 2 Mich. 427; 109 Mass. 225; 80 Ky. 259.

STONE, C. J.—If any errors of law were committed in the condemnation proceedings alleged to have been had in this case, they should have been taken advantage of before the probate judge, or on the appeal to the Circuit Court, if they had not been waived by the course pursued in the primary trial. Such errors furnish no ground whatever for equitable interference.—Mills Em. Dom., § 323; *Ewing v. City of St. Louis*, 5 Wall. 413; *Secombe v. Railroad Co.*, 23 Wall. 108.

Nor is there any thing in the objection, that having once obtained a right of way, the railroad company is bound to adhere to it, and can not proceed for a further condemnation. The power is continuous, and co-extensive with the wants of the corporation. It should be a clear case of abuse, to justify withholding relief, on the ground that the easement asked for is not necessary to the successful operation of the railroad.—1 Rorer on Railroads, 274 *et seq.; Chic., B. & Q. Co. v. Wilson*, 17 Ill. 123; *Fisher v. Chic. & S. R. R. Co.*, 104 Ill. 323; *Smith v. Chic. & W. Ind. R. R. Co.*, 105 Ill. 511; *Miss. & Tenn. R. R. Co. v. Devaney*, 42 Miss. 555; *C. B. M. Pac. R. R. Co. v. T. & S. F. R. R. Co.*, 26 Kans. 669; *V. & T. R. R. Co. v. Lovejoy*, 8 Nev. 100.

The amended bill charges, that the railroad company is insolvent, and will not be able to meet and pay the increased damages, should such be awarded in the Circuit Court, to which the case has been appealed. The land-holder, complainant in this bill, has ample means for enforcing any damages he may recover. He has a lien, in the nature of that of a vendor, on the property taken, enhanced in value by the improvements to be put upon it; and if the payment be withheld, the Chancery Court, by a restraining order, may compel payment as a condition of further enjoyment of the easement.—*Hooper v. S. & M. R. R. Co.*, 69 Ala. 529; *N. O. & S. Railway Co. v. Jones*, 68 Ala. 48; s. c., 70 Ala. 227; *Thornton v. Shef. & Birm. R. R. Co.*, 84 Ala. 109.

The case of *Browning v. Cam. & W. R. R. Co.*, 4 N. J. E. 47, was, in its facts, very like the present one; and an injunction was awarded in that case. The ruling, however, was put on the ground, that under their system, the appeal suspended and superseded the judgment of condemnation,

and with it the judgment in favor of the land-holder for the assessed damages.　Our statute is entirely different.—Code of 1876, § 1839.　If the railroad company deposits with the probate judge the amount of the award, and the costs of the commission, the appeal in no wise hinders or impedes work on the condemned property.　The deposit was made in this case.

The present bill is without equity, and the injunction was rightly dissolved.

Affirmed.