[Jones v. Ball.]

# Jones *v.* Ball.

*Bill in Equity to enforce Vendor's Lien on Land.*

94  529
102  416

1. *Vendor's lien; sale of real and personal property at gross price.*—No vendor's lien arises on a sale of land and personal property at a gross price; but in this case, on consideration of the contradictory evidence, the court affirms the chancellor's decree, holding that the sale embraced land only, as recited in the vendor's deed.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by John Ball, against Ratcliff Ball and R. M. Jones, and sought to enforce a vendor's lien on land for unpaid purchase-money. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is here assigned as error.

GAMBLE & BRICKEN, for appellants.

J. H. PARKS, *contra.*

McCLELLAN, J.—The main, if not indeed the only question in this case, is one of fact, namely: whether there was other property than the land embraced in the sale by John Ball to Ratcliff Ball and R. M. Jones, for the consideration of sixteen hundred dollars, which the bill seeks to charge on the land described therein, as purchase-money secured by a vendor's ien in complainant's favor. The deed executed by John Ball and his wife, and which is exhibited in the bill, recites the consideration for the land alone as being sixteen hundred dollars. John Ball himself testifies positively that he sold nothing but the land. Ratcliff Ball, one of the defendants, with equal emphasis testifies that he and Jones bought nothing but the land, and that they agreed to pay $1,600 for the land only. On the other hand, Jones' testimony is, that he and Ratcliff purchased, not only the land, but also several items of personal property, which he specifies, for the consideration in gross of $1,600. One other witness swears that he heard John Ball say the personalty was included in the sale. Two or three others testify that Ratcliff Ball and Jones took possession of certain property which was on the place, and to declarations

of Jones that it was embraced in the sale; and yet another says that the personalty was embraced in the sale, and that he knows this from having read the written contract of sale, wherein the personalty was specified. But this witness' testimony is utterly deprived of weight by the thoroughly established fact that there was no writing at all except the deed, which not only does not mention personalty, but goes in preclusion of the idea that any thing but realty constituted the consideration for the admitted indebtedness. This was all the evidence. We have, then, the deed, the testimony in interest of John Ball, and the testimony against interest of Ratcliff Ball, that there was no sale of personal property; while, on the other hand, we have the testimony in interest of Jones, certain declarations in interest of Jones, and one witness who deposes to a declaration on the part of John Ball, that the transaction involved personal property as well as the land. On this state of case, we see no alternative but to affirm the conclusion reached by the chancellor, that defendants have not shown that the $1,600 sought to be charged as a vendor's lien on the land was a price in gross agreed to be paid for the land and for the personalty.

It is too clear for discussion that the complainant had no interest whatever in, or connection with, or relation to the partnership existing between the defendants; and that the cross-bill of Jones exhibited against complainant and the other defendant, which sought a settlement of this partnership, was properly dismissed.

Affirmed.