# Bridgeport Land & Improvement Co. v. American Fire-proof Steel Car Co.

## Bill in Equity to enforce Vendor's Lien on Land.

1. *Vendor's lien. on breach of purchaser's agreement to erect and operate factory on land.*—On a sale and conveyance of land, with covenants of warranty, in consideration of the purchaser's "erecting and operating a car factory" on the land within twelve months, if the vendor has obtained a judgment for a breach of that undertaking, he may enforce satisfaction of it by bill in equity as for a vendor's lien; but the claim not having been reduced to judgment, the court will not enforce it as a lien on the land.

2. *Specific performance of contract involving exercise of skill and judgment; inability of purchaser to perform.*—A court of equity will not decree the specific execution of a contract by which the purchaser of land undertook and promised to erect and operate a car factory on it, since this involves the exercise of labor, skill, judgment and discretion, which the court can not supervise; and the alleged inability of the purchaser, for want of means, to complete the work, is also an objection to a decree for specific performance.

3. *Writings construed together.*—Two writings executed at the same time, relating to the same subject-matter, and referring to each other, will be construed together as parts of one and the same instrument.

4. *Vendor's lien under contract for sale of land and other property.* Under a contract between a land company and a manufacturing company, by which the former undertook to sell and convey a certain quantity of land, to pay a specific sum of money, and to transfer a certain number of shares of its stock to the latter, in consideration of its undertaking to erect and operate a factory on the land; the value of the land, which was conveyed with covenants of warranty, not being agreed on, and no *data* being furnished from which its relative value could be definitely ascertained, a vendor's lien does not arise.

APPEAL from the Chancery Court of Jackson.
Heard before the Hon. THOMAS COBBS.

J. E. BROWN, for appellant, cited 2 Warvelle on Vendors, 706, § 14; *Railroad Co. v. Lewton,* 20 Ohio St. 401; *Elliott v. Platter,* 43 Ohio St. 209; 82 Mo. 448; 69 Ala. 529.

CUMMING & HIBBARD, *contra,* cited *McDonald v. Elyton Land Co.,* 78 Ala. 382; *Betts v. Sykes,* 82 Ala. 380, and 87 Ala. 537; *Stringfellow v. Ivie,* 73 Ala. 209; *Cordova Coal Co. v. Long,* 91 Ala. 542; 2 Jones on Liens, § 1071; 4 Wait's A. & D. 322.

COLEMAN, J.—The bill was filed to enforce a vendor's lien upon fifty acres of land, sold by the appellant to the ap-

pellee.   The court sustained a demurrer to the bill, and from
this decree the appeal is prosecuted.   Complainant conveyed
the land to defendants by absolute deed of conveyance with
covenants of warranty.   In such cases, the vendor's lien is a
mere creature of equity, not founded on contract, as is under-
stood when the legal title is reserved by the vendor as a
security for the purchase-money.   The real foundation for a
mere equitable lien of a vendor for the purchase-money of
lands is, that it is against good conscience for one man to get
and keep the lands of another man without payment of the
agreed consideration.   The only consideration expressed in the
deed of conveyance, and upon which it was made, when the
deed alone is considered, is the "erecting and operating of a
car factory within twelve months from date, by the American
Fire Proof Steel Car Company of Alabama."   The bill avers
that the car factory was never completed or operated, and the
consideration is averred to be of the value of one hundred
thousand dollars.

Has a vendor an equitable lien upon land for the enforce-
ment of such a claim, and is a court of equity of competent
jurisdiction to enforce it?   In *Thomason v. Cooper*, 57 Ala.
563–4, the court uses this language;   "To maintain a bill to
enforce a vendor's lien, there must be a debt due to the com-
plainant, contracted in the purchase of the land, still unpaid,
and which the purchaser, either at the time or at some prior
date, was liable to pay as a primary debtor, without condition."
The rule has long prevailed in this State, and has been uni-
formly held, that a vendor's lien attaches to the land, when it
is conveyed in consideration of the transfer and delivery to
the vendor of chattels, *choses* in action, and the like, which
are capable of reduction to a money value, to secure the
transfer and delivery or payment in accordance with the terms
of the contract.—*Cordova Coal Co. v. Long*, 91 Ala. 542 ;
*Neal v. Clay*, 48 Ala. 252 ; *Smith v. Vaughan*, 78 Ala. 201 ;
*Burns v. Taylor*, 23 Ala. 255.   The authorities are not uni-
form upon the question as to whether the equitable lien exists
as a security for unliquidated and uncertain damages.
4 Wait's Actions and Defenses, p. 322.   In Jones on Liens,
vol. 2, § 1071, the rule is stated, "That when the sale is not
made for a sum of money, but in consideration of a covenant
or agreement to do certain things, the covenant or agreement
is then itself the consideration, and in obtaining the covenant
or agreement the vendor has been paid all he contracted for.
Thus, a covenant or agreement to erect buildings on the land,
creates no lien on it for the performance of the covenant or
agreement."   The text cites the case of *McDonald v. Elyton*

*Land Company*, 78 Ala. 382. In the same section (§ 1071), the remedy given in such a case is: "If the vendor has conveyed the land, his remedy is an action for damages for breach of the covenants; but, if he has not conveyed the land, he may refuse to execute a conveyance."

In *Williams, Assignee v. Craw*, 84 Mo. 298, the facts were, that William Baily, Sr., sold and conveyed by deed of warranty to Ann W. Craw a tract of land for one thousand dollars, which sum was paid. When the deed was executed, the lands were under a lease of ten years to William Baily, Junior. At the time of the execution of the deed of conveyance, and as a part of said deed, George R. Craw and Ann W. Craw, his wife, consented and agreed "to hold and keep said William Baily, Sr., grantor in said deed, harmless on account of the execution of said deed, and on account of any claim for damages or otherwise of said William Baily, Jr. against said William Baily, Sr. on account of a breach of said contract, . . . and will pay any judgment and cost recovered thereon against said William Baily, Sr.," &c. William Baily, Jr. sued William Baily, Sr. on the lease, and including cost, &c., recovered a judgment for damages, which with the cost and expenses aggregated $697.36. The judgment was paid by William Baily, Sr., and he filed a bill in equity to enforce a vendor's lien for this amount upon the land sold to Ann W. Craw, the grantee. It was held that the complainant was entitled to relief, that the agreement to save Baily, Sr. harmless constituted as much a part of the purchase-money as if the land had been incumbered by a mortgage debt which Craw assumed to pay as a part of the purchase-money.

In the case of *Dayton Railroad Co. v. Lewton*, reported in 20 Ohio St. 401, the contract for the right of way provided as follows: "For and in consideration of the right of way, and the right to enter upon and construct said railroad, the said railroad company agree to pay the said Lewton fifteen hundred dollars, . . . and also to make a road crossing and two cattle-guards at or near station 600, . . . and also to make a culvert or bridge crossing at a branch at station 615, large enough for a wagon track." The facts show that the grantor, Lewton, recovered a judgment for $500, as damages for the failure of said company to construct its road in the manner provided in the contract. The court held, "(2) that a vendor's lien would attach against an easement, as well as any other interest in land; (3) that the judgment for damages for not constructing the road in the manner provided for in the contract, is as much the price of the interest sold to the rail-road company, as was the $1,500 agreed to be paid in money

The only difference is, that the amount of cash was ascertained and agreed upon by the parties, while the amount of the damages was not ascertained till judgment. Both sums arose in contract, and constituted the compensation the vendee was to return to the vendor for the interest purchased." The principle here stated was re-affirmed in a later case, *Elliott v. Platter*, 43 Ohio St. 209.

In 2 Warvelle on Vendors, p. 206, ch. 27, section 14, the reason and the rule is stated as follows: "Inasmuch as the vendor's lien is based upon the theory that it would be unconscionable that the vendee should hold the land and not pay for it, and as equity regards the substance rather than the form of contracts, it is immaterial on principle what shape the refusal or neglect may take. Unless the vendor has evinced an intention, by the acceptance of other security, to release the vendee, it must be presumed that he holds the land in trust to pay what he had agreed as the purchase price; and in the case of conditions annexed to a grant and assumed by the vendee, if the performance of the condition constituted an inducement to the sale, it is as much a part of the compensation to be paid as if the promise had been to pay the vendor as part of the purchase-money a sum equal in amount to the damages sustained by their breach; and the equitable lien will, it is held, attach to the land sold as well for such damages as for the purchase-money."

In the case of *Hooper v. Savannah & Memphis R. R. Co.*, 69 Ala. 529, the railroad company stipulated in writing to pay the complainant a stated amount in cash, "and to fill, level or grade every street which leads to or around Block A, where George D. Hooper resides, which is cut by said railroad," &c. It was held that the complainant could enforce a lien for the diminished value of the lots because of the obstruction or interruption of access to them, holding in the opinion that the agreement to do this work was as much a part of the compensation to be paid for the right of way as the cash to be paid.

In the case at bar, if the plaintiffs had obtained a judgment in a court of law against the respondents, for a breach of contract for failing to perform the covenants agreed to as the consideration for the conveyance of the land, and there were no other difficulties in the way, we hold that a vendor's lien could be enforced against the land to secure the payment of the judgment.

We are of opinion that a bill for a specific performance would not lie under the facts as they appear in the present case. The consideration expressed is the "erecting and oper-

ating of a car factory," &c.    To carry out this agreement requires the exercise of labor and special skill, judgment and discretion; and the averments of the bill show that defendant "is unable from the lack of means to perform said agreement." A court of equity is powerless to enforce a specific performance of an agreement which the party is unable to perform, and furthermore, a court of chancery will not undertake to enforce a specific performance, "when it involves the exercise of special skill, judgment and discretion."—*Iron-Age Pub. Co. v. W. U. Tel. Co.*, 83 Ala. 498, and authorities cited; *Clarke's case*, 12 Amer. Dec. 214.    It is unnecessary to further consider this view of the case.

There is one feature presented by the averments of the bill in its present condition, which seems fatal to plaintiff's right to relief.    We have considered the agreement of the parties, only as it appears from the deed of conveyance,    Exhibit A to the bill, and which is made a part of it, evidences a contract between the parties executed at the same time as the deed of conveyance.    This contract must be construed together with the deed of conveyance.—*Robbins v. Webb*, 68 Ala. 398; *Walker v. Struve*, 70 Ala. 172.    When the two instruments are construed together as parts of the same agreement, it becomes evident that the "erecting and operating of a car factory" did not constitute the sole consideration for the fifty acres of land described in the conveyance.    In addition to the land, the complainants agreed to pay to the defendants forty thousand dollars in cash, and also to turn over to the defendants $300,000 of Bridgeport Land & Improvement Company stock:    It was in consideration of the cash, the company's stock and the fifty acres of land, that the defendant agreed to erect and operate a car factory.    No separate value was fixed upon the land by the parties, and there is no *data* from which its relative value could be definitely and specifically ascertained.    When by the contract the vendor and vendee do not distinguish the considerations—when they are blended and combined, and it is impossible to separate them—the presumption must be that the vendor did not look to the lands for payment, but relied upon the personal responsibility of the vendee.—*Stringfellow v. Ivie*, 73 Ala. 209; *Betts v. Sykes*, 82 Ala. 380.

The judgment must be affirmed.