# Parrish et al. v. Hastings.

*Bill in Equity to enforce Vendor's Lien.*

1. *Vendor's lien; does not arise on breach of agreement to build fences, &c.*—Where, in addition to a moneyed consideration, an agreement to build fences, erect cattle guards and construct crossings constitutes a part of the consideration for the sale and conveyance of land for a right-of-way, the grantor, after the payment by the vendee of a moneyed consideration, can not maintain a bill in equity to enforce a vendor's lien to compel the ·payment of damages arising from a failure to comply with the said agreement.

APPEAL from the District Court of Colbert, in Equity.
Heard before the Hon. W. P. CHITWOOD.

The bill in this case was filed by the appellee against the appellants ; and sought to enforce a vendor's lien on certain lands, which had been sold by the complainant to one of the respondents.

The averments of the bill show that on June 11, 1890, Pat Hastings, the complainant in this case, and his wife, conveyed to Alfred Parrish a certain tract of land to be used as a right-of-way for a railroad. The portion of the deed reciting the consideration, and the granting clause are as follows : "That the parties of the first part for and in consideration of ($2,000.00) two thousand dollars, cash in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell and convey to the party of the second part the following lands situated in Colbert county, State of Alabama, to-wit : All that strip of land, &c. [describing the land], said right-of-way to extend 50 feet each side of the center of present location of railroad, to be fenced through said lands as soon as the road is completed and in operation, stock gaps to be made where outer fences are crossed and common road crossing provided at convenient places." This right-of-way was afterwards sold by Parrish to the Riverton Land Company, and said road has been built and is in operation. The vendee paid the two thousand dollars in money, but has never fenced the said right-of-way, nor erected stock gaps, nor made road crossings. The complainant avers in his bill that the failure to do these

[Parrish et al. v. Hastings.]

things, as required by the deed, has greatly damaged him to the amount of two thousand dollars, and asks that a lien be fastened upon the said property to enforce the payment of the damages suffered by him, or to compel the defendants, who are Alfred Parrish and the Riverton Land Company, to do those things required by the deed of conveyance.

The respondents demurred to the bill on the following grounds :   1st. There is no equity in the bill.   2d. The obligation set out in the bill is not such a contract as the law implies a vendor's lien to secure.   3d. The bill does not show any part of the purchase money for which said land was bought was due and unpaid.   4th. The complainant seeks to have a vendor's lien declared for the payment of unliquidated damages.

On the submission of the cause upon this demurrer, it was overruled.   The respondents appeal, and assign such decree of the chancellor as error.

SIMPSON & JONES, for appellant, cited *Bridgeport Land & Imp. Co. v. American Fire-proof Steel Car Co.*, 94 Ala. 592.

JACKSON & SAWTELLE, *contra*, cited *Hooper v. S. & N. R. R. Co.*, 69 Ala. 529 ; *Trustees v. Lynch*, 70 N. Y. 449 ; *Huston v. Railroad Co.*, 21 Ohio St. 236 ; *Pittsburgh &c. Railroad Co. v. Bosworth*, 2 L. R. A. 199, and notes ; 1 Wood's Railway Law, pp. 603, 605, 607.

STONE, C. J.—The bill in this case was filed to enforce a vendor's lien.

There is probably no principle of common or equity law which has given rise to more divergence, if not contrariety of judicial opinion, than the one which is presented by this record.—3 Pom. Eq. Jur., § 1251, and note.   The decisions of this court have extended the relief as far as those of any other court, and much farther than several of them have gone.   Many principles connected with this doctrine are so clearly established as to require only to be stated.   Of these clearly established principles we state only the following :   The subject of the sale must be only an interest in real estate, and the price promised must have no other consideration than the land purchased.   If anything other than the land

[Parrish et al. v. Hastings.]

constitute part of the consideration, and the promise to pay is of a sum in gross for the two or more things purchased, then a bill to enforce a vendor's lien can not be maintained. In such case it can not be known how much of the promise to pay rested on the land for its consideration.—*Jones v. Ball*, 94 Ala. 529; *Bridgeport Land & Imp. Co. v. Amer. Fire-proof Steel Car Co.*, 94 Ala. 592; *Betts v. Dykes*, 82 Ala. 378; *Williams v. McCarty*, 74 Ala. 295; *Stringfellow v. Ivie*, 73 Ala. 209.

When sale is made on credit, and title is retained by the vendor, there is a lien for the unpaid purchase money, whether independent, separate security is taken or not.—*Chapman v. Chunn*, 5 Ala. 397; *Kelly v Payne*, 18 Ala. 371; *Conner v. Banks*, 18 Ala. 42; *Wimbish v. Montg. B. & L. Asso.*, 69 Ala. 575; *Lowery v. Peterson*, 75 Ala. 109.

When sale and conveyance are made, the purchase money remaining unpaid, there is a lien for the unpaid purchase money, unless independent, separate security has been taken; but this lien will not be enforced against a *bona fide* purchaser of the land, who purchased and paid in ignorance that the purchase money was unpaid. *Burns v. Taylor*, 23 Ala. 255; *Moore v. Clay*, 7 Ala. 742; *Wells v. Morrow*, 38 Ala. 125; *Shorter v. Frazer*, 64 Ala. 74.

When the purchase price is promised to be paid in money, even if there be a stipulation that it may be discharged in something else, and there is a failure to so discharge it at the time stipulated, this leaves the agreement as nothing less than a promise to pay money, and a bill can be maintained to enforce the vendor's lien.—*Bridgeport Land & Imp. Co. v. Amer. Fire-proof Steel Car Co.*, 94 Ala. 592, and authorities cited; *Plowman & McLean v. Riddle*, 14 Ala. 169.

The foregoing principles are very clearly settled.

It is contended for appellants that the bill in this case will not lie; that it presents no case for the enforcement of a vendor's lien, and if the complainant, Hastings, has any remedy, it is a suit at law for a failure on the part of Parrish and Riverton Land Company to execute their part of the agreement, namely, to erect the stock gaps, construct the crossings and fence the railroad track, as their deed bound them to do. Among other authorities

they rely on *McDonald v. Elyton Land Co.*, 78 Ala. 382, and *Brideport Land & Imp. Co. v. Amer. Fire-proof Steel Car Co.*, 94 Ala. 592.

In the cases referred to there was no agreement on the part of the purchasers to do any service or work on, or adjoining to, the lands the sellers retained, with a view to the betterment, or less disturbed enjoyment thereof. Neither the nature nor the object of the works stipulated to be done looked to that end. Their object was to enhance, incidentally, the value of other landed interests retained by the vendor, or to promote some other interests which was not the direct subject of the negotiation and sale. Neither of those cases furnished a rule or money standard by which the injury suffered from the breach could be measured or ascertained. They sounded in damages merely, were entirely speculative. Still, they were not decided on that ground. The case in 78th Alabama went off largely on the fact that Mrs. McDonald was a married woman, and could not make a binding, personal covenant; while the subsequent change of the contract also exerted its influence in leading to the conclusion reached by this court.

So, in the case of the *Bridgeport L. & I. Co.*, 94 Ala. 592, the bill failed, because the land sale was not a simple, single sale of the land at an agreed price, but it was blended in one transaction with other agreements and stipulations, which neither furnished nor left any *data* for determining definitely the agreed purchase price of the land.

The present case is not distinguishable in principle from *Hooper v. S. & M. R. R. Co.*, 69 Ala. 528. In that case, as in this, a money price was paid for the right-of-way, with a further stipulation by the railroad company "to fill, level or grade every street which leads to or around Block A., where George D. Hooper resides, which is cut by said railroad, in such a manner, and to such an extent, as to make the crossing of said railroad by each of said streets, as ample and as convenient, as it is possible to make them consistently with the running and use of said railroad, and this grading, filling up and levelling to extend to the width of twenty feet, and to be always kept up by the company; provided, however, that a bridge, if deemed advisable by both parties, may be built by the company across the railroad on Washing-

27

ton street." The railroad company paid the money agreed to be paid, but failed and neglected to do the work on the streets they had agreed to do. Hooper filed a bill to enforce a vendor's lien, and to recover the damages he alleged he had sustained by the railroad's failure to keep its contract in reference to the streets. This court held he was entitled to the relief he prayed. We said: "Entering upon the lands, acquiring possession by contract with the appellants, the relation of the parties is that of seller and purchaser. If the company had stipulated to pay, and the appellants had agreed to accept a specific sum of money, as just compensation for the lands taken, that sum would, of necessity, have embraced all compensation the appellants could have claimed for the interruption or obstruction of the highways leading to and from these lots, or because of the diminished value of the lots from any cause, in the appropriation of parts of them to the uses of the company. That sum would have been as essentially the purchase money of lands, or of a right and interest in and to lands, as when between natural persons there is a bargain and sale for a specified price. What difference is there in right and principle, when a specific sum is promised and paid as partial compensation, and there is a promise to repair an injury by work and labor, which lessened the value of the remaining lands of the owner, for which he is entitled to compensation? If the injury is not repaired, the owner suffers loss, and the company gets the land without making the compensation justly due, without paying the consideration upon which it was let into possession. The real foundation of the lien of a vendor for the purchase money of lands is, that it is against good conscience for one man to get and keep the lands of another, without paying the consideration promised to be paid for them. For the performance of the contract by the company, in all its parts, it is evident the appellants relied, and the company intended they should rely, on the lands taken as a security. The retention of the legal title is very strong, if it is not conclusive evidence of this reliance. The terms of the contract are conclusive—it is only *in return* for the performance by the company of the contract, that the appellant's promise *to give* the company '*the right to run their road through said block, on the road bed, as at present graded, and*

*to the use of all of lot number four, on the north side of said railroad track, and the right-of-way on lot number four to the extent of twenty-five feet from the center of said railroad track.'"*

The case of *Hooper v. S. & M. R. R. Co., supra,* is supported by *Cooper v. A. & A. R. R. Co.,* 85 Ala. 106; *Walker v. R'way Co.,* 1 Eq. Ca. L. R. 195; Pierce on Railways, 169 n. 5; *Dayton X. & B. R. R. Co. v. Lewton,* 20 Ohio St. 401; *Trustees v. Lynch,* 70 N. Y. 449. The following decisions of this court assert a kindred principle : *Neel v. Clay,* 48 Ala. 252; *Cordova Coal Co. v. Long,* 91 Ala. 538; *Smith v. Vaughan,* 78 Ala. 201.

In the *Bridgeport L. & I. Co. v. Amer. F. P. Steel Car Co.,* 94 Ala. 592, the case of *Hooper v. Railroad* is referred to without express dissent, but there is a statement, not necessary to the decison rendered, which can hardly be reconciled with the *Hooper Case.* That statement is as follows : "In the case at bar, if the plaintiffs had obtained a judgment in a court of law against the respondents for a breach of contract for failing to perform the covenants agreed to as the consideration for the conveyance of the land, and there were no other difficulties in the way, we hold a vendor's lien could be enforced against the land to secure the payment of the judgment."

In that case there was a reason for requiring that the amount of damages should be first ascertained by the verdict of a jury. The nature of the contract and the consequence of its breach were such that the amount of the injury could not be measured by any money standard. In the case we have in hand, like the case of *Hooper v. S. & M. R. R. Co.,* the amount of damage is the diminution in value of the land retained by the vendor, caused by the purchaser's violation of his contract. In other words, the comparative value of the land, with and without the fences, stock gaps and road crossings.

My own wish is to adhere to the decision rendered in the case of *Hooper v. Sav. & Mem. R. R. Co.,* 69 Ala. 529. That decision was rendered twelve years ago, and has been quoted with apparent approval.—*Cooper v. A. & A. R. R. Co.,* 85 Ala. 106. See also *Thornton v. S. & B. R. Co.,* 84 Ala. 109.

My brothers, however, hold that in a case like the present, a bill will not lie to enforce a vendor's lien, on

the facts set forth in this bill. The result is that the decretal order of the district court must be reversed.

We all agree that in a case like the present appropriate relief can be sought for in an action at law for damages, or by injunction to restrain the use of the right-of-way until the terms of the contract are complied with.— N. O. & S. R. R. Co. v. Jones, 68 Ala. 48 ; s. c. 70 Ala. 227 ; Thornton v. S. & B. R. R. Co., 84 Ala. 109 ; Cooper v. A. & A. R. R. Co. , 85 Ala. 106 ; Cordova Coal Co. v. Long, 91 Ala. 538 ; J. C. & B. R. R. Co. v. Horse R. R. Co., 20 N. J. Eq. 61 ; Cozens v. B. R'way Co., 1 Ch. App. 593.

Reversed and remanded.