# Stringfellow *v.* Ivie.

*Bill in Equity to enforce Vendor's Lien on Land for unpaid Purchase-money.*

1. *When decree not barred of review on appeal by statute of one year.* A bill having been filed to enforce a vendor's lien on land for unpaid purchase-money, to which one of the defenses relied on was payment, a decree was entered on 21st July, 1880, on submission on pleadings and proof, declaring that the complainant had a lien on the land, and that he was entitled to relief, and, after reciting that the proof on the defense of payment was contradictory in some material particulars, ordering "that said matters of payment be referred to the register who will state an account," debiting the purchaser with the purchase-money and interest, and crediting him with any sums· justly and legally paid, and showing balance due thereon. On 5th March, 1881, the register having reported, the report was confirmed, and a decree of sale entered; and, on 22d December, 1881, this appeal was taken. *Held,* on motion of the appellee to strike out assignments of error based on the decree of 21st July, 1880, on the ground that it was rendered more than one year before the appeal was taken, that said decree was interlocutory, and was open to review on this appeal. The motion was, therefore, overruled.

2. *Parol evidence to vary or contradict recitals of consideration in contracts; when admissible.*—General or particular recitals of consideration in contracts or conveyances are not conclusive, but are open to inquiry, and the real consideration may be shown to modify or defeat them; and hence, where a promissory note recited that it was given in part payment of a designated lot of ·land, parol evidence is admissible, on a bill filed to enforce the vendor's lien on the lot for the payment of the note, to show that the true consideration was not only the purchase-money of the lot, but also that of another parcel of land, and the price of a stock of merchandise, sold at the same time for a gross sum.

3. *Vendor's lien on land for unpaid purchase-money; waiver of, how determined.*—To determine whether a vendor has waived his lien on land for unpaid purchase-money, the whole transaction between the parties must be considered; and if from the transaction as a whole, it clearly appears that the vendor trusted exclusively to the personal responsibility of the vendee, and did not look to the land for security, the existence of the lien is repelled.

4. *Vendor of personal property, parting with possession, has no lien for purchase-money.*—A vendor of personal property, parting with the possession, has no implied or equitable lien for the payment of the purchase-. money; but he ·must look alone to the personal responsibility of the vendee.

5. *Sale of land and personal property by one contract; when vendor's lien on the land waived.*—Where land and personal property are sold together, under an entire contract, at an aggregate or gross price, and in ·

14

the sale there is no act or agreement of the parties fixing or determining what part of the gross price is for the land, and what part for the personal property, and it is impossible, without resorting to conjectural inquiries, to separate the one from the other, the presumption must be, that the vendor did not look to the land for payment of the purchase-money therefor, but relied on the personal responsibility of the vendee, thereby waiving his lien.

6. *When lien on land must be created by writing.*—Any right to charge land with the payment of purchase-money, dependent on the agreement of the parties, and not arising by implication or operation of law, must be evidenced by writing, and can not rest in parol.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS COBBS.

Bill in equity by Thomas J. Ivie against T. Stringfellow and N. M. Stringfellow, his wife, to enforce a vendor's lien on land for the payment of unpaid purchase-money. The debts alleged to be for the purchase-money are evidenced by two promissory notes, each for $1000, executed by T. Stringfellow to W. W. Heard, and by Heard duly assigned to the complainant; and in each the consideration is expressed as "part payment for a store-house and lot known as the Clitherall lot." The defendants answered, setting up, among other defenses, (1) that the notes had been fully paid to Heard; and (2) that the notes were given, not only for the purchase-money of the lands designated in the notes, but also of other lands, and also Heard's interest in a stock of merchandise, which belonged, as did the lands, to T. Stringfellow and W. W. Heard, as partners, the latter having sold out his interest in the partnership property to the former, all of which was sold for a gross sum, no special value or price having been fixed or designated for either parcel of real estate, or for the merchandise; and that thereby Heard waived his lien on the land. The facts disclosed by the evidence, bearing on the questions decided, are sufficiently stated in the opinion.

On 21st July, 1880, on a submission of the cause on pleadings and proof, the Hon. ANTHONY W. DILLARD presiding, a decree was entered, reciting the submission, and ordering, adjudging and decreeing "that the complainant is entitled to relief, and that the notes described in the bill were given for the lands and lots described in the bill and pleadings, and that the vendor's lien has not been waived, and that said lands are liable for the payment of the purchase-money." This decree, after reciting that "the defendants, by their answer and exhibits thereto, set up in their defense payment of said notes, and the proof being contradictory in some particulars, which are material, and said payments involving complicated matters of account," then ordered "that said matters of payment be referred to the register of this court, who will state an account between

[Stringfellow v. Ivie.]

the defendants and W. W. Heard, debiting the defendants with said notes described in the bill, and the interest thereon, and crediting them for any sums justly and legally paid on said notes, and showing what amount may be due on said notes for unpaid purchase-money." It then provided that both parties might use on the reference the testimony on file, and also that they might examine other witnesses, and ordered a report at the next term.

The register made a report at the spring term, 1881, showing that there was due the complainant $3265.67 on the purchase-money for the real estate described in the bill, and, at that term, on 5th March, 1881, Hon. THOMAS COBBS presiding, a decree was entered, correcting the report, on exceptions thereto, by deducting a small amount from the sum reported to be due. confirming the report as corrected, and ordering the sale of the real estate described in the bill for the payment of the amount shown to be due on said purchase-money by the register's report as corrected and confirmed. This appeal was taken on 22d December, 1881.

The errors here assigned are based on the decree of July 21st, 1880, and on the decree of 5th March, 1881. The appellees here moved to dismiss the appeal, and to strike out the assignments of error based on the decree of 21st July, 1880, on the ground that that was a final decree, and was rendered more than one year before the appeal was taken.

W. F. JOHNSTON, for appellants. (1) The first decree with any elements of finality is the one made by the court at the March term, 1881, less than one year prior to the taking of this appeal. On this appeal a review of the whole case may be had; and hence, the motion to strike out the assignments of error based on the first decree, should be overruled.—*Moore v. Randolph*, 52 Ala. 530; 2 Dan. Ch. Pr. 986–7, and notes; *Garner v. Prewitt*, 32 Ala. 13; *Jones v. Wilson*, 54 Ala. 50; *Winn v. Dillard*, 60 Ala. 369; *Waldrop v. Carnes*, 62 Ala. 374; *Broughton v. Wimberly*, 65 Ala. 549; *Walker v. Crawford*, 70 Ala. 567. (2) The testimony shows beyond question that the notes were given for Heard's interest in the house and lot and the lands described in the bill, and also for Heard's interest in a stock of goods. "The rule of law is, that where one sells land, he has a vendor's lien on the land he sells (no more and no less) *for the purchase-money of the land*, not for personal property or stock of goods."—*Bishop v. Snell*, 37 Ala. 90; *Norman v. Harrington*, 62 Ala. 107; *Shorter v. Frazer*, 64 Ala. 74; *Burns v. Taylor*, 23 Ala. 255; *Terry v Keaton*, 58 Ala. 667; *Foster v. Tustees*, 3 Ala. 302. (3) Other questions

[Stringfellow v. Ivie.]

raised by the record, not passed on by this court, elaborately discussed.

L. M. STONE, WILLETT & HODO, and WATTS & SONS, *contra.*
(1) All the equities between the parties were settled by the decree of July 21st, 1880. It was, therefore, a final decree, which would have supported an appeal. This point discussed, and the following authorites cited.—*Bank of Mobile v. Hall,* 6 Ala. 141; *Weatherford v. James,* 2 Ala. 170; *Kennedy v. Kennedy,* 2 Ala. 571; *Bradford v. Bradley,* 37 Ala. 453; *Garner v. Prewitt,* 32 Ala. 13; *Jones v. Wilson,* 54 Ala. 50, and authorities there cited; *Malone & Foote v. Marriott,* 64 Ala. 486; *Waldrop v. Carnes,* 62 Ala. 374; *Broughton v. Wimberly,* 65 Ala. 549; *Tabor v. Lorance,* 53 Ala. 543. That decre having been rendered more than one year before this appeal was taken, the assignments of error based thereon should be stricken out and disregarded. (2) But if the motion to strike out these assignments should be overruled, and that decree should be reviewed, it is contended that it is free from error. Each of the notes, on its face, declares that it was given "in part payment of a store-house and lot known as the Clitherall lot," thereby creating an equitable or contract lien on the lands described therein.—*Bryant v. Stephens,* 58 Ala. 636.

BRICKELL, C. J.—The motion to dismiss the appeal, and to strike out the assignments of error relating to the first interlocutory decree, must be overruled, on the authority of *Walker v. Crawford,* 70 Ala, 567.

The promissory notes made by Stringfellow, payable to Heard, and assigned to the appellee, on their face express as the consideration upon which they were given, "part payment for a store-house and lot, known as the Clitherall lot." The expression or recital is not conclusive, and parol evidence is admissible to show a want of consideration, or any other additional consideration of value. General or particular recitals of consideration, in contracts or conveyances, are open to inquiry, and the real consideration may be shown to support, or to modify, or to defeat them.— *Wilkerson v. Tillman,* 66 Ala. 532. It is clearly shown, and is undisputed, that the real consideration of the notes was not only the purchase-money of the lands designated; but the purchase of another parcel of lands; and commingled with the purchase of the estate of the payee in the lands, was the purchase of his interest in a stock of merchandise, belonging, as did the lands, to a partnership of which he and the maker of the notes were members. The transaction was had in consummation of a dissolution of the partnership, and the contract of purchase was entire; a sale of the estate in the lands, and of the interest in the merchandise,

[Stringfellow v. Ivie.]

for a gross sum, a special value or price not having been fixed on either interest. It was not until near or quite eighteen months after the sale, and after the making of the notes, that there was any memorandum of it reduced to writing, and then both parties joined in the execution of a conveyance of the lands to the wife of the purchaser.

The vendor of lands, not parting with his estate, retains it as a security for the payment of the purchase-money. To the contract of sale, in such case, all the essential ingredients of a mortgage attach. The only remedy of the vendee to acquire title to the estate is in equity for a redemption, or, rather, for a specific performance. For his relief a court of equity will not intervene, unless he aver, and if the averment is not admitted, prove payment of the purchase-money, the part of the contract he was bound to perform. And if the vendee fails to pay the purchase-money, the court will, as against him, enforce performance of the contract, by decreeing a sale of the lands for its payment.—*Bankhead v. Owen*, 60 Ala. 457. It was in this relation the vendor and vendee were standing, before the execution of the conveyance to Mrs. Stringfellow. Whether while in this relation either party could have obtained specific performance in a court of equity, or the terms upon which it would be decreed, is not a question now involved.

By the execution of the conveyance, the relation of the parties was changed. The vendor parted with his estate in the lands—in them he ceased to have any right—thereafter he had neither a *jus in re*, nor a *jus ad rem.*—*Bankhead v. Owen*, *supra*. The conveyance was, however, voluntary—for it the donee gave, and the donor received, no consideration. It is the settled law of this State, that for unpaid purchase-money of lands, the vendor, though he makes an absolute conveyance, has and retains an equitable lien, if he does not take an independent security, unless there is of it, either expressly, or by implication, a waiver or discharge. And the lien will be enforced against the vendee, volunteers, and all others claiming under him with notice—against all persons other than *bona fide* purchasers without notice.—*Bankhead v. Owen, supra; Simpson v. McCallister*, 56 Ala. 228. When only the personal obligation of the vendee is taken for the payment of the purchase-money, in the absence of an agreement to the contrary, the lien is presumed to exist, and the burden of proof is on the purchaser to establish that, in the particular case, it has been intentionally displaced, or waived by the consent of the parties. "If under all the circumstances, it remains in doubt, then the lien attaches. The difficulty lies in determining what circumstances are to be deemed sufficient to repel or to displace the lien, or to amount to a waiver of it."—2 Story's Eq. Jur. § 1224.

[Stringfellow v. Ivie.]

The whole transaction between the parties must be considered, and if from the transaction as a whole, it clearly appears the vendor trusted exclusively to the personal responsibility of the vendee, and did not look to the lands, the existence of the lien is repelled.—*Coster v. Bank of Georgia*, 24 Ala. 37.

The vendor of personal property, parting with the possession, has no implied or equitable lien for the payment of the purchase-money—he must look alone to the personal responsibility of the vendee.—1 Lead. Cases in Eq. 502. In *Russell v. Mc-Cormick*, 45 Ala. 587, this court decided that the equitable lien of a vendor for the payment of the purchase-money of lands, was not waived, because the obligation taken for its payment included the price of personal property sold at the same time, when the sum which was agreed to be paid for the lands, could, by reference to the writings the parties had executed, or by reference to extrinsic evidence, be ascertained and distinguished. There seems to be no reasonable ground to doubt the correctness of the decision. The mere commingling in the written obligation for the payment of the purchase-money, of the price of personal property sold at the same time, and to be paid for at the same time as the purchase-money of the lands, indicated only that the parties abstained from the ceremony of making or taking two obligations or evidences of debt, when one would suffice for all their purposes, the reduction to writing of the fact that the one is indebted to the other in a specific sum of money, payable at a time certain. In such case, the parties in the inception and consummation of the sale distinguish their relations as vendor and vendee of real and of personal property, by fixing upon each species of the property a separate price and value. The price and value of each is matter of distinct negotiation and agreement. The note, bond, or other instrument taken for the aggregated prices, is not the debt which is created, but merely evidence of it, and without impairing its dignity as evidence, there can be inquiry into the fact that a distinct part of the sum expressed as owing to the vendor was the purchase-money of the lands. The fact being ascertained, if there be not circumstances to repel the presumption, the lien of the vendor upon the lands for the payment of the price is presumed to exist.

In the present case, the sale is of real and personal property, under an entire contract for a gross sum. There is, and can be no lien on the personal property by operation or implication of law. There was not in the sale, by any act or by agreement of the vendor and the vendee, any discrimination made between the proportions of the gross sum, which was to be paid for either personal property or lands. How can a court discriminate, and pronounce that, upon such a sale, the vendor

[Huddleston v. Huey.]

for any designated part of the gross sum has a lien on the lands, and for another specific part has not? The lien exists only for the payment of the purchase-money of the lands. It is raised and implied by a court of equity, for the protection of the vendor, and upon its maxim, that it is unconscientious for one man to get and keep the lands of another without paying the purchase-money. But when, by the contract, the vendor and vendee do not distinguish the consideration-money from other considerations, for which the law gives no lien; when the considerations are blended and combined, and it is impossible without resorting to conjectural inquiries to separate them, the presumption must be that the vendor did not look to the lands for payment, but relied exclusively on the personal responsibility of the vendee.—*McCandlish v. Keen*, 13 Grattan, 615. The lien not arising by implication, or operation of law, but its existence being repelled by the nature of the transaction, any other right to charge the lands, dependent upon the agreement of the parties, must be manifested by writing—it can not rest in parol. *Patton v. Beecher*, 62 Ala. 579. The parol promise of Stringfellow, when the conveyance was executed, that Mrs. Stringfellow would for his notes substitute her own, and his verbal declaration, that there was or would be a lien on the lands, are insufficient, if they had been averred in the bill, to create a trust a court of equity can enforce.

It is unnecessary to consider any other questions the case is supposed to involve. The appellee has not established an equity to charge the lands, and the decree of the chancellor must be reversed and a decree here rendered, dismissing the bill; and he must pay the costs in the court of chancery to be taxed by the register, and the costs of appeal.