# McDonald *v.* Elyton Land Company.

*Bill in Equity by Vendor to enforce Lien or Charge on Land.*

1. *Vendor's lien on land purchased by married woman; agreement to erect buildings as part consideration.*—On a purchase of lands by a married woman, the vendor retaining the legal title, and executing to her a bond conditioned to make title on payment of the agreed sum in money, and the erection of certain designated improvements on the land; the recited consideration being the money agreed to be paid, "and the further consideration and agreement" to erect the buildings; such agreement to erect the buildings, whether oral or written, imposes no personal liability on her, and creates no lien on the land for its performance; and while a court of equity will charge the land with the payment of the purchase-money, as stipulated, the vendor's only remedy for the failure to erect the buildings is a refusal to execute a conveyance until they have been erected.

2. *Same ; acceptance of note for additional sum, in lieu of agreement to erect buildings.*—In such case, the purchaser not having the money to complete the erection of the specified buildings, and desiring to obtain money by a mortgage on the property, which she could not do until she had an unincumbered title; if the vendor thereupon accepts her note for an additional sum of money, in lieu of the agreement to erect the buildings, or in satisfaction of its breach, and executes a conveyance to her, the new note does not constitute a lien or charge on the land.

3. *Same; new note signed by husband, without authority of wife.*—Such new contract being made by the husband, without the authority of the wife, and her name signed by him to the note jointly with his own, the contract and the note are nullities as to her, and no lien or trust on the land arises by implication of law.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 19th February, 1881, by the Elyton Land Company, a private domestic corporation, against Mrs. C. A. McDonald and her husband, W. J. McDonald; and sought to enforce a vendor's lien on certain lots in the city of Birmingham, for purchase-money alleged to be due and unpaid. The defendants, after obtaining a conveyance of the property, had executed a mortgage on it to the Mobile Life Insurance Company, another domestic corporation, to secure a debt for money loaned; and said corporation was also joined as a defendant, the priority of its mortgage being recognized and admitted by the bill. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is now assigned as error. The opinion states the material facts.

[McDonald v. Elyton Land Co.]

R. II. PEARSON, and WATTS & SON, for the appellants.

JNO. T. TERRY, contra.

CLOPTON, J.—A vendor of land, who gives a bond conditioned to make title on payment of the purchase-money, reserves for himself a security, by the retention of the legal title. He retains a title—a right in and to the land—on which he can maintain an action to recover possession. If the vendee desires to obtain a conveyance, his only remedy is a resort to equity for a specific performance. In such cases, he must aver and prove payment of the purchase-money,—the performance of all the terms of the contract, to be performed on his part. *Bankhead v. Owen*, 60 Ala. 457.

When Mrs. McDonald purchased the lots in 1871, the complainant executed to her bonds for title, to be made on the payment of the purchase-money, and on the erection and completion of certain buildings, as stipulated in the bonds. It does not appear there was any written agreement to erect and complete the buildings; but, whether oral or written, it imposed no personal liability, she being a married woman. The position of the complainant, in this respect, was defensive. Its protection rested on the right to refuse to make a conveyance, except on the erection and completion of the buildings, as prescribed in the bonds. The complainant could not have maintained an action against Mrs. McDonald, for a failure to perform this requirement of the bond.

The solution of the controlling question in the case—whether the note, mentioned in the bill, was given for *purchase-money* of the lots—will be greatly aided, by keeping in view the original contract of sale, the legal effect of the bond for titles, and the circumstances under which the note was given.

The consideration recited in the bonds for titles is, the money-price agreed to be paid, and "the further consideration and agreement on the part of" Mrs. McDonald, that she will erect, or cause to be erected, the buildings as provided in the bonds. We have said, that the agreement imposed no personal liability upon Mrs. McDonald; and no damages could be recovered for its non-performance. Upon what principle can the mere acceptance of a bond for title, reciting such agreement as the consideration in part, have the effect to create a lien on the land for damages, which the complainant can not recover by an action at law on the agreement? It is true, equity will charge land, purchased by a married woman, with the purchase-money, when the consideration is definite and certain; or, it may be, when it can be made certain by the law or the contract, although she incurs no personal liability for

the consideration. In such case, the ascertainment of the amount and extent of the lien does not depend upon any personal liability. But the, rule is different, where the vendor accepts, as the consideration, the covenant or agreement of a married woman to do some act, when the damages are unliquidated, and the right to recover them necessarily rests on her personal liability to perform the covenant or agreement. The agreement for the erection and completion of the building, as stated in the bond for title, sounds in damages merely—an agreement to erect a building on a lot which she had bought, the failure to erect which, the purchase-money being paid, could not injure the complainant, so far as appears from any facts shown by the record, whatever may really be the intrinsic facts. No *criteria*, by which to estimate or measure, with any certainty, the damages, are furnished by either the law or the agreement. They are uncertain and intangible. Such damages can not constitute a lien or charge in equity, unless founded on a valid and legal obligation, for a breach of which damages may be recovered in an action at law. *Thomason v. Cooper*, 57 Ala. 560.

The *damages*, consequent on a breach of the agreement, did not form any part of the price, or the purchase-money of the lots. By the express terms of the bond, the consideration, other than the sum agreed to be paid in money, is *the agreement* itself. When the consideration of a deed is, that the vendee shall enter into covenants to do specified acts, it has been held there is no lien, on the ground that the covenant is the consideration for which the vendor contracted, and having received that, he has been paid. In such case, the agreement, with the legal right to damages on breach, where the vendee is *sui juris*, is taken as payment.—*Arlin v. Brown*, 44 N. H. 102; *Harris v. Harris*, 37 Ark. 348; *McCandlish v. Keen*, 13 Grat. 615; *Walker v. Struve*, 70 Ala. 167. Sir Edward Sugden says: "There is a marked distinction, between a conveyance as for money paid, with a separate security for the price, whether by covenant, bond, or note, and a conveyance expressed to be in consideration of covenants, which the purchaser enters into by the deed itself."—2 Sug. on Ven. 859. As the complainant took the agreement as part consideration, with a legal right of action to recover possession, although having none for damages, and with the defensive protection against specific performance, it must be regarded as payment *pro tanto*.

Mrs. McDonald having commenced the erection of the buildings, and not having the means to complete them, desired to borrow money for that purpose, from the Mobile Life Insurance Company. To effect this loan, it was necessary to

give a mortgage on the lots; and the insurance company re-quired that she should obtain a deed, unincumbered as against them. Her husband applied, July 23, 1872, to the president of the complainant, for a conveyance, all the purchase-money having been previously paid. The president, at first, declined to make any modification of the original contract of sale; but finally consented to relieve Mrs. McDonald from the stipula-tions of the bonds in reference to the buildings, and make her a deed, upon condition that she would give two hundred dol-lars advance on the original contract of sale, in lieu of the building requirement of the bonds. These terms having been agreed on, the conveyance was made to Mrs. McDonald, and her husband gave the note, on which the bill is filed, signing his own and his wife's names. There is a conflict in the testi-mony as to the facts attending the making of the note, and its consideration; but we have assumed the version of the com-plainant's witnesses, on the presumption that the chancellor so found the facts.

By the execution of the deed, the relation of the vendor and vendee underwent a change. The complainant passed the legal title to Mrs. McDonald, and thereafter had no right or estate in the property. By the conveyance, the complainant parted with whatever lien had been reserved by retaining the legal estate.—*Stringfellow v. Ivie*, 73 Ala. 209. The only lien, which can exist, or be asserted, is the equitable lien in favor of a vendor, who has made an absolute conveyance. This lien extends only to the unpaid purchase-money. It does not arise from any contract or agreement of the parties; but is the creature of equity, and is raised for the protection of the vendor.

Having ascertained that no lien, for damages consequent on the non-performance of the agreements, was reserved by the bond for title, on which can be founded a contract for a lien when the deed was executed, does an equitable lien arise on the transaction, whereby a conveyance was made and the note given?

At the time the deed was executed, there was no *sale* of the lots. The sales had been previously made. The agreement was a modification of the original contract of sale, all the con-sideration money having been paid. The negotiation was for a discharge from the performance of the agreement, so that a deed might be made. The time, by which the buildings were to have been erected and completed, had then passed. There was already a breach of the agreement. The two hundred dollars, for which the note was given, was the estimated and agreed sum of the damage sustained by this breach; and this amount the complainant consented to receive, and release Mrs.

25

McDonald. The note was not substituted for the agreement itself, but was substituted for the performance of the agreement.

It clearly appears from the evidence, that the lots were purchased on different days; the original contracts of sale were separate and independent; separate notes were given for the pecuniary consideration, and a separate bond for title was made. Complainant did not have any lien on one lot for the purchase-money of the other, either by the original contracts of sale, or by the bonds for title. If it were conceded that the note, on which the bill is filed, was for purchase-money, there was a commingling of the purchase-money of both lots in the note, without any means of ascertaining how much of the note was for the purchase-money of each lot. In such case, the lien will be held to have been waived by implication, in the absence of any agreement for its retention. "When, by the contract, the vendor and vendee do not distinguish the consideration-money from other considerations, for which the law gives no lien; when the considerations are blended and combined, and it is impossible, without resorting to conjectural inquiries, to separate them; the presumption must be, that the vendor did not look to the lands for payment; but relied exclusively on the personal responsibility of the vendee."—*Stringfellow v. Ivie, supra.*

The note was not signed by Mrs. McDonald, nor was her husband authorized to sign her name to it, or to make any change or modification of the original terms of sale. If her husband agreed to give two hundred dollars advance on the original contract, in lieu of the agreement, she was not bound thereby. As to her, the contract to give the note, and the note itself, were nullities. An equity will not be created against her, on or by virtue of a void transaction; and a court of equity will not raise a lien on the land for the payment of such advance.

No lien arising by implication, or by operation of law, any claim to charge the lots for the payment of the note rests on the agreement of the husband at the time the conveyance was executed. The parol agreement to give two hundred dollars advance on the original contract of sale, if a valid agreement as to Mrs. McDonald, is not sufficient. An agreement to charge lands with a trust, not resulting by implication or construction of law, must be in writing.—Code, 1876, § 2199. When the trust is dependent on the agreement of the parties, it can not rest in parol.—*Patton v. Beecher,* 62 Ala. 579; *Rose v. Gibson,* 71 Ala. 35; *Whaley v. Whaley,* 71 Ala. 169; *Stringfellow v. Ivie, supra.*

Reversed, and decree will be here rendered dismissing the bill