# Franke & Muth *v.* Riggs & Mossman.

*Action by Purchaser of Land to recover Purchase-money Paid; Plea of Set-off for Balance Unpaid.*

1. *Defect of title, as defense to action for purchase-money.*—When a purchaser of land has gone into possession under a deed with covenants of warranty, and remains in possession, he can not defend against an action for the purchase-money, either at law or in equity, on account of a defect in the title, unless there was fraud in the sale, or the vendor is insolvent and unable to respond in damages.

2. *Statute of frauds, as to contract for sale of lands; part performance.*—A verbal contract for the sale of lands is taken out of the operation of the statute of frauds (Code, § 1732, subd. 5), when a part of the purchase-money is paid at the time, and the purchaser is put in possession, or, being already in possession as lessee, retains possession as purchaser; and if a deed is prepared and duly executed by a third person, in whom the title is outstanding, tendered to the purchaser in compliance with the terms of the contract, examined and approved by him, but returned to the vendor to be held until the purchase money is paid in full, this satisfies the requisitions of the statute.

3. *Charges asked, and given with qualification; error without injury.* Charges asked in writing must be given or refused in the terms in which they are expressed (Code, § 2756), and the court has no power to qualify them; yet, if the charge asked is erroneous, giving it with a qualification is not a reversible error.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

[Franke & Muth v. Riggs & Mossman.]

MORRIS A. TYNG, and WM. RICHARDSON, for appellants.

WERT & SPEAKE, contra.

COLEMAN, J.—Appellants sued defendants to recover back $912.50 purchase-money, which had been paid as part payment for the purchase of a lot. The defendants pleaded by way of set-off the balance due on the purchase, and recovered judgment on their plea of set-off against the plaintiffs for the amount claimed. Plaintiffs rested their right to recover back the purchase-money, upon two grounds: *first*, because the contract for the purchase of the lot was in parol; *second*, because their vendors had no title to a part of the lot, and the remainder was useless for the purposes for which it was purchased.

The undisputed facts, briefly stated, are as follows: On the 30th of July, 1887, plaintiffs leased from the defendants a lot 22 feet wide by 100 feet deep, for two years, paying three hundred dollars in cash in advance for the first year, and executed their promissory note for the second year. At the time of the lease, the Episcopal Church had inclosed by a fence a strip of the lot—six feet in width—along its entire length. Under their lease, plaintiffs took possession of the remaining 16 feet of the lot, and while in possession, three months before the expiration of the first year of the lease, contracted to purchase from the defendants the lot for $2,200, and paid in cash on this purchase $912.50. By the purchase it was agreed, that the lease contract be cancelled, and the possession taken under the lease continued under the contract of purchase. After the purchase of the lot, plaintiffs removed the fence of the Episcopal Church from off the lot, and erected a storehouse on the lot, covering the full width of 22 feet, and running back fifty feet. The plaintiffs occupied the store until it was burned in February, 1889. The bill of exceptions states, that before the store-house was destroyed, the Episcopal Church by proceedings (what kind is not stated) replaced their fence on so much of the lot as was not covered by the building, and that after the fire the fence was restored to its original place. The contract for the sale and purchase of the lot between plaintiff and defendant was entirely in parol.

When plaintiffs leased the lot, and also when the lot was purchased, "the proof showed that plaintiffs had full knowledge of the claim of the church," and were informed that defendants held the lot under a contract of purchase, and that the title was in the Decatur Mineral & Land Improvement Company. It is further proven, and not denied, that the

agreement between the parties was, that the Decatur Mineral & Land Improvement Company should execute a deed with covenants of warranty direct to the plaintiffs; and the proof shows this was done, and at the time of the cash payment of $912.50, the deed was delivered to the plaintiff Muth, executed according to the request of the plaintiffs. After examination and approval of the deed, the plaintiffs returned it to defendant Mossman, with the request that he hold it until the balance of the purchase-money was paid. This deed was produced at the trial, and offered to plaintiffs, but was refused by them. There was no evidence to show that plaintiffs ever made any offer to rescind the contract before suit was brought; and the record fails to show there was any abandonment of the property, other than such as might be inferred from the fact that the lot remained vacant after the building was destroyed by fire; and there is no proof to show that it was unoccupied, or left vacant, because of the alleged defect in the title, or that defendants were informed that they were at liberty to resume possession.

It is not pretended that the defendants were guilty of fraud, deceit or misrepresentation in the transaction; and there is no proof to show that the Decatur Mineral & Land Improvement Company were not solvent, and fully able to respond for any breach of the covenants of warranty contained in the deed of conveyance. In the case of *Thompson v. Sheppard*, it was said: "The law ought to be regarded as 'finally and definitely settled in this State, that a vendee who has gone into possession under a deed with covenants of warranty, can not, unless there was fraud in the sale to him, or the vendor is insolvent, and without ability to respond to his covenants, so long as he remains in possession, either at law or in equity, defend against the payment of the purchase-money."—85 Ala. 611, 619; *Strong v. Waddell*, 56 Ala. 471; *Ib.* 576; *Garner v. Leverett*, 32 Ala. 410, and authorities cited.

Whenever a vendor stipulates for the conveyance of land, the presumption of law is, that he stipulates to convey a good title, and the purchaser has the right to demand such a title; but, when the vendor stipulates to make only a quit-claim deed, or agrees to make a deed of any particular description, his duty and obligation is performed by the execution of such a deed, however defective the title conveyed.— *Tobin v. Bell*, 61 Ala. 128. The warranty deed of the Decatur Mineral & Land Improvement Company is what the vendors agreed to give, and what the plaintiffs contracted to receive; and this deed having been executed according to contract, no further duty or liability rested upon the vendors.

If defendants were suing as plaintiffs for the balance of the purchase-money under the facts of this case, the purchasers could not defend on the ground of a failure of consideration : neither could they set off or recoup the damages which they· might be entitled to recover in an action against the Decatur Mineral and Land Improvement Company for a breach of warranty on account of a failure of title.   This is available by direct suit only against their warrantors.—*McDaniel v. Elyton Land Co.*, 78 Ala. 384; *Sivoly v. Scott*, 56 Ala. 557; *Branch Bank v. Cullom*, 4 Ala. 30; *Kelly v. Kelly*, 34 Ala. 667; *Tedder v. Steele*, 70 Ala. 350.

The facts of this case take it out of the operation of the statute of frauds.—Code, 1886, § 1732, sub-div. 5; *Johnston v. Jones*, 85 Ala. 286; *Heflin v. Milton*, 69 Ala. 354; *Steadman v. Parish*, at this term.

Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written.   It is error for the court to qualify them.—Code, 1886, § 2756.   When a charge is asked in writing, and the court gives the charge, and qualifies it; although the court is without authority to qualify it, yet, if the charge is one which the court should have refused, it is error without injury.   Furthermore, if, under the undisputed facts, the court might have given the general charge for the party in favor of whom the verdict was rendered, it would be error without injury. *Moody v. Walker*, 89 Ala. 620; *Stephens v. Regenstein*, *Ib.* 562.   Although the record fails to show that the charges, or either of them, moved for by the plaintiffs, were in writing, yet, if the charges had been asked for in writing, under the law as herein declared, their refusal was error without injury.

There is no error in the record of which appellants can complain, and the judgment is affirmed.