# Sayre *v.* Westcott.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Agreement to take judgment in part payment of purchase-money.* On a sale of land by a trustee, with the assent and concurrence of the *cestui que trust*, under an agreement that a judgment which the purchasers had recovered against the *cestui que trust* should be taken in payment *pro tanto* of the purchase-money, the fact that the judgment is afterwards set aside, or enjoined, on bill filed by the *cestui que trust* against the purchasers for an account of the transactions on which it was founded, does not authorize the vendor to enforce a lien on the land for the amount of the judgment as unpaid purchase-money, though it may, *it seems*, give a right to claim a rescission of the contract.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 14th September, 1891, by W. D. Westcott, as the administrator *de bonis non* of the estate of Mrs. Lucy B. Noble, deceased, against H. A. Sayre S. Levin, and R. B. Snodgrass, as assignees of Moses Brothers, and also against the individual partners composing that firm, and against H. C. Semple and S. J. Tyson; and sought to enforce a vendor's lien on three lots and storehouses in the city of Montgomery, for a balance of purchase-money alleged to be unpaid. The property had belonged to Thos. M. Barnett, who was one of the sureties of Ben. H. Micou on his bond as guardian of said Lucy B. Noble (*nee* Micou); and being sold under a decree against said guardian and his sureties, was bought by said H. C. Semple as trustee for said Lucy and her sister, the wards. On the 27th March, 1879, Semple sold the property to Moses Brothers, at the agreed price of $10,000; "with the agreement and understanding," as alleged in the bill, "that $3,950 of the consideration should be credited by said firm on the supposed indebtedness of said Lucy B. to

them; which understanding was carried out, said firm receiv-
ing a deed to said property from said Semple, entering a credit
of $3,950 to said Lucy B., and paying the balance of said con-
sideration." For several years prior to this time, commencing
in 1874–5, Moses Brothers had been making advances to said
Lucy B., or to her father on her account, for necessary family
and plantation supplies; and she had confessed a judgment in
their favor for a supposed balance, and executed a mortgage
as security for future supplies. In January, 1882, she filed a
bill in equity against them, in the nature of a bill to surcharge
and falsify, impeaching the correctness of former settlements
between them in specified particulars, and asking a re-state-
ment of the matters of account. The case was brought before
this court by appeal several times, as shown by the reports in
74 Ala. 604, 81 Ala. 530, 86 Ala. 417, and 93 Ala. 593. At
the time the bill in this case was filed, on a statement of the
accounts by the register after a reversal and remandment on
a former appeal, he reported a large balance against Moses
Brothers; and therefore the bill claimed that the entry of the
credit for $3,950, as agreed on, on a debt which did not exist,
did not constitute a payment of the purchase-money *pro tanto*,
but left a balance unpaid to that amount. The bill did not
state these facts in detail, but only alleged that there was no
existing indebtedness to which the credit of $3,950 was or
could be applied.

Moses Brothers afterwards executed a mortgage on the
property to S. J. Tyson, and therefore he was made a defend-
ant to the bill; but the complainant claimed, if any balance
of his mortgage debt remained unpaid, complainant's lien
was superior to his. In July, 1891, Moses Brothers failed in
business, and made an assignment for the benefit of their
creditors; and therefore their assignees were joined as de-
fendants to the bill. The chancellor overruled a demurrer to
the bill for want of equity, and his decree is here assigned as
error.

TOMPKINS & TROY, and STRINGFELLOW & LEGRAND, for the
appellant.

W. A. GUNTER, *contra*. (No briefs on file.)

WALKER, J.—Moses Brothers purchased certain real
estate in the city of Montgomery at the price of ten thousand
dollars, upon the agreement and understanding that thirty-
nine hundred and fifty dollars of the stipulated price should
be paid by a credit of that amount upon an indebtedness then

supposed to exist in their favor against Lucy B. Noble, who was interested as a *cestui que trust* in the property sold, and who was a party to the agreement for the partial payment of the purchase price by the credit on the claim against her. This contract of purchase was carried out according to its terms. Moses Brothers received a deed to the property, on allowing the credit as agreed, and paying the remainder of the price in money. Afterwards it turned out that the supposed indebtedness upon which the credit was allowed did not really exist. Lucy B. Noble having died, the bill in this case was filed by the administrator *de bonis non* of her estate, to enforce a lien upon the property for thirty-nine hundred and fifty dollars and interest, as a balance of the purchase-money still due and upaid. The claim is that the allowance of a credit on a debt which did not exist was no payment at all, and that the result is that the amount of credit is still due on the purchase, and is secured by a vendor's lien on the property.

The recognition of this claim would involve the enforcement of a contract which the averments of the bill show was never made. The stipulation as to the mode in which thirty-nine hundred and fifty dollars of the purchase price was to be satisfied, was a material feature of the contract of purchase. The bill does not show that Moses Brothers agreed to pay ten thousand dollars in money for the property. They only agreed to pay in money the difference between that sum and the amount of the stipulated credit. It may very well be that the sale could not have been made except upon the condition of allowing the purchasers to use their claim in paying part of the agreed price. The opportunity of realizing on the claim may have been the principal inducement which influenced them to make the trade. The fact that, as a result of a mistake of the parties, a part of the consideration for the sale and conveyance turned out to be no consideration at all, can not be allowed to have the effect of binding the parties to a contract different from the one they entered into. There can not be a lien for purchase-money which was never due or payable under the contract of purchase. The implied lien of a vendor of real estate is an incident of a debt for unpaid purchase-money. Though the lien survives, and may be enforced after an action on the debt is barred, yet the existence of the lien presupposes a debt to be secured thereby.—2 Warvelle on Vendors, 706. Where a sale is valid, though the vendee is not *sui juris* so as to be personally bound for the payment of purchase-money, there is a lien in favor of the vendor, but it is only to secure the payment of the purchase-

money according to the terms of the sale.—*McDonald v. Elyton Land Co.*, 78 Ala. 382. In this case, the lien is sought to be enforced for a debt not created by the terms of the contract of sale, as the purchasers did not agree to pay in money the amount for which a lien is claimed. There has been no failure on their part to comply with the contract as it was made. The court can not change the contract of the parties, so as to make all of the purchase price payable in money. The non-existence of the supposed debt upon which the credit was allowed may have conferred upon the seller the right to demand a rescission of the contract of sale, upon offering to make restitution of what the purchaser had actually paid. Whatever rights Lucy B. Noble may have had against Moses Brothers, as the result of other dealings between them, she was not entitled to a lien for purchase-money which was never agreed to be paid for the land. The fifth and sixth grounds of demurrer interposed by the appellants pointed out the fatal defect in the claim to a lien. The bill was without equity, and should have been dismissed.

Reversed and remanded.