# Piedmont Land Improvement Co. v. Piedmont Foundry & Machine Co.

*Bill in Equity by Grantor, for Cancellation of Deed, or to establish Resulting Trust in Land.*

1. *Cancellation of deed; non-performance of agreement by grantee.* Where one agreed to assist a manufacturing company with land and money, in consideration of its agreement to establish its works on the land and operate them for a stated time, and of the incidental benefits expected to accrue therefrom to the grantor, and the company erected its works on the land, and carried on its manufacturing operations thereon for some time, but, immediately after a deed to the land was executed and delivered, ceased to operate its works, and they have remained idle since, the grantor is not entitled to a cancellation of the deed because of the company's failure to operate its works for the stipulated time.

2. *Resulting trust.*—The owner of land agreed to assist a manufacturing company with land and money, in consideration of its agreement to establish its works on the land and operate them for a stated time, and of the incidental benefits expected to accrue therefrom to the grantor; and, in pursuance of this agreement, the land was conveyed, and money was advanced to the company to purchase machinery, and the money advanced was used for the purpose agreed on.  On the failure of the company to operate its works for the stipulated time, the grantor filed a bill for the cancellation of the deed, and to establish a trust in the company's property to the extent of the money so advanced.  The bill did not point out what machinery was purchased with the money advanced, nor allege that the company, at the time of making said agreement, had no intention of performing it.  *Held*, that no trust should be declared in the company's property for the money so advanced; the remedy being an action at law for a breach of the agreement.

3. *Declaring on contract within statute of frauds.*—Where a bill in equity alleges a contract which is required by the statute of frauds to be in writing, but does not allege whether it was verbal or in writ-

ing, on demurrer, and on motion to dismiss the bill for want of equity, the contract alleged in the bill must be taken to be in writing.

4. *Motion to dismiss for want of equity; amendable defects in bill.*—On motion to dismiss a bill for want of equity, amendable defects in the bill will not be considered, but are regarded as amended; and an averment that a deed was executed to complainant, it being apparent that defendant was intended, the copy of the deed attached to the bill as an exhibit showing that the defendant was the grantee, was an amendable defect.

APPEAL from Calhoun Chancery Court.
Tried before Hon. S. K. McSPADDEN.

COOKE & COOKE, for appellant.—The complainant is entitled to a cancellation of the deed.—*Manning v. Pippen*, 86 Ala. 357; *Pitts v. Cottingham*, 9 Porter, 675; *Patton v. Beecher*, 62 Ala. 579; 2 Leading Cases in Equity (Hare & Wallace), 541; Pomeroy's Eq. Juris. §§ 109, 110, 847, 1375–1377; Perry on Trusts, § 166. A trust should be declared in favor of complainant (appellant) in the property of the defendant to the extent of the money advanced.—2 Story's Eq. Jur. §§ 1195, 1223; Perry on Trusts, §§ 130–134, 159–161; *Smyth v. Oliver*, 31 Ala. 39; *Esterbrooks v. Tellinghast*, 5 Gray (Mass.), 17; *Gumbert's Appeal*, 110 Pa. St. 496.

MATHEWS & WHITESIDE, *contra*, cited *Lawrence v. Gayetty*, 78 Cal. 126; *Arnold v. Hagerman*, 45 N. J. Eq. 186; *Gardner v. Lightfoot*, 71 Iowa, 577; *Grimes v. Sanders*, 93 U. S. 55; *Knowlton v. Keenan*, 4 Am. St. Rep. 282; *Buckner v. Pac. & G. E. R. Co.* (Ark.) 13 S. W. Rep. 332; *Chapman v. Abrams*, 61 Ala. 108; *Whaley v. Whaley*, 71 Ala. 159; *Kelly v. Karsner*, 72 Ala. 106; 1 Perry on Trusts, § 133, and note; 3 Brick. Dig. p. 787, § 72.

THORINGTON, J.—The bill of complaint filed by appellant, although somewhat vague in some of its averments, makes substantially the following case:

Appellant is a corporation under the laws of this State, and its place of business is in the town of Piedmont. It was organized for the purpose of developing that town, and to that end has expended large sums of money. In furtherance of its general purpose to improve the town by encouraging the establishment of manufacturing therein, and otherwise, in May, 1890, it agreed to assist the Piedmont Foundry and Machine Company, also a corporation, with land and money, and said last named company (appellee) commenced business in said town in said month of May by erecting buildings on lands belonging to appellant, and by putting machinery

in said buildings suitable for the business contemplated by said company. It was understood and agreed between the two companies that the aid in lands and money extended by appellant to appellee was on the condition that the works of appellee should be kept by said company in full operation for at least two years from the time the company commenced work, which was in June, 1890. While this was the principal consideration for the land and money furnished by appellant to appellee, the former expected to derive incidental benefit from the building and operation of appellee's works "by the increased value of appellant's other property, in the event appellee's said works should be honestly and successfully operated, and their said agreement and promise carried out in good faith."

Appellant, relying on such promise, and that appellee would faithfully comply therewith, and for the purpose of promoting the success of appellee's enterprise, from time to time in the months of August, September and October, 1890, advanced to appellee various sums of money, aggregating $662.00, which appellant was led to believe would be used in buying machinery for, and otherwise improving, appellee's plant, and carrying out the purpose of its creation, and said money was in fact so used.

On the 2nd of October, 1890, in compliance with the agreement and relying thereon, and still further to promote the objects appellee pretended to have in view, appellant at the instance and request of appellee conveyed to it three acres of land in the town of Piedmont, on which land appellee's works had been constructed. A copy of the deed is attached to the bill, and recites a consideration of "one dollar and other good and valuable considerations," which deed, it is alleged, was executed by appellant upon the representation of appellee that it was necessary for it to have the deed in order to support its credit, and to enable it to carry out its promise and agreement to operate its works successfully for at least two years; but there is no express averment that this was untrue. Immediately after the deed was executed and delivered, appellee ceased to operate its works, and they have remained idle since, and it is alleged that appellee has no intention to resume work in the future; and that said deed was procured by misrepresentation and fraud.

It is also alleged that appellee, through wasteful negligence and mismanagement, has become heavily indebted, and is insolvent, and has advertised all its property for sale at public outcry, and that if the sale is allowed to take place appellant will sustain irreparable damage; that appellee

has wholly failed to comply with its agreement and promises which were the consideration for the advance made by appellant to appellee of said sum of $662.00, and that a "resulting" trust exists in appellant's favor in the property and effects of appellee to the extent of said sum.

The prayer of the bill is for an injunction and receiver, that a "resulting" trust may be declared in the property, to the extent of the money so advanced, that the deed may be declared void, and for general relief. A temporary injunction was granted, and thereupon appellee filed its answer under oath, denying all the material allegations of the bill, and setting up defensive matter. It also filed a demurrer to the bill, and a motion to dismiss for the want of equity; and appellant filed a motion to strike the demurrers and answer from the file on the ground that they were not filed by any person who had authority from appellee in that behalf. The chancellor overruled the last two motions, dissolved the injunction on the denials in the answer and for want of equity in the bill, and dismissed the bill, on appellee's motion, for the want of equity.

It nowhere appears from the averments of the bill whether the alleged promise or agreement claimed to be the consideration for the money advanced by appellant to appellee, and for the deed executed by the former to the latter, was in writing. If it was verbal, and, consequently, within the influence of the statute of frauds, that fact must be made to appear by plea or answer. On demurrer, and on motion to dismiss the bill for want of equity, the contract alleged in the bill must be taken to be in writing.—*Trammel v. Craddock*, 93 Ala. 450; *Manning v. Pippen*, 86 Ala. 357.

On motion to dismiss a bill for the want of equity, amendable defects in the bill will not be considered, but are regarded as amended. Such is the defect in the present bill, wherein it is averred that the deed was made to "The Piedmont Land & Improvement Company," when it is apparent that appellee was intended. This defect, however, was cured by the copy of the deed attached to the bill as part thereof, and from which copy the name of the proper grantee (appellee) is made to appear.—*Harland v. Person*, 93 Ala. 273.

Treating the contract as being in writing, and looking alone to the averments of fact in the bill, as we are bound to do on demurrer and motion to dismiss the bill for want of equity, the consideration for the alleged advance of the money and the deed mentioned in the bill was appellee's promise to operate its works for the period of two years from the time it should commence, and the incidental benefits

[Piedmont Land Improvement Co. v. Piedmont F. & M. Co.]

appellant expected to realize therefrom in the consequent enhancement of the value of its property in said town. This is a valuable consideration both for the advance of the money and in support of the deed, and it is no infringement of the general rule to permit such consideration to be averred and proved, notwithstanding the deed may recite a monied consideration.—*Wilkerson v. Tillman*, 66 Ala. 532; *Mason v. Buchanan*, 62 Ala. 110. Giving the fullest effect, however, to the contract, it is simply a promise or agreement to do an act in the future, on the faith of which appellant claims to have relied in parting with its money and deed.

The bill in its essential features seems to be predicated upon the theory that this contract may be rescinded on either of two distinct grounds, viz., the mere failure of appellee to comply with the promise to operate its works for two years, and because such promise was fraudulently made. The mere breach of such a promise, after deed made on the faith of it, would no more authorize the grantor to have the deed annulled by a court of equity than would the failure of a grantee of lands to pay his note given for the purchase-money authorize the grantor to rescind the trade and have the title revested in himself. And this seems to be conceded by appellant's counsel in their brief. In the absence of a stipulation in the contract or deed itself that a failure to pay the purchase-money shall render the deed void, the remedy is by an action at law on the contract or note, or for damages, as the case may be. While the breach of such a contract may give rise to a cause of action at law it does not invest the grantor with the right to rescind in a court of chancery, unless there is some element of fraud which entered into the contract or transaction at its inception. If, for instance, at the time the promise or contract was entered into, there was no intention of performing it, and by means of the promise the promisee, in reliance thereon, was induced to part with his property, this would be such a fraud as would authorize the latter to rescind, upon discovery of the fraud, and to reclaim his property—*Birmingham Warehouse & Elevator Co. v. Elyton Land Co.*, 93 Ala. 549; *Lawrence v. Gayetty*, 78 Cal. 126.

Such a contract as that last referred to is, however, voidable, not void, and there is a well recognized limitation upon the right of rescission even in such cases. If there has been part performance of the contract, that is, to such an extent that the *status quo* can not be restored, then no rescission can be claimed.—*Buchanan v. Pac. & G. E. Ry. Co.*, 13 S. W. Rep. 332; 3 Amer. & Eng. Encyc. of Law, p.

931, and authorities cited in note 4; *Grimes v. Sanders*, 93 U. S. 55; *Gardner v. Lightfoot*, 71 Iowa, 577; Adams Equity, 7th Amer. Ed. top pp. 190, 191.

In the case first above cited there was a promise on the part of the railroad company to erect a roundhouse and machine shops, and other improvements, at a certain locality, in consideration of a deed for the right-of-way. The railway company laid its track over the right-of-way, constructed part of the improvements, but failed to construct much the larger part. On bill filed for a rescission of the deed conveying the right-of-way, and alleging fraud in the promise of the railroad company and the insolvency of the company, it was held that the bill could not be sustained as one for rescission, because the parties could not be placed *in statu quo.*

In the case before us, as appears from the bill, appellee took possession of the land, erected its buildings, bought machinery, in part with the money advanced by appellant, and, in fact, carried on its manufacturing operations for some tir e. Furthermore, it is averred in the bill that the consideration, in part, for the advance of money and in land by appellant to appellee was "in furtherance of these (appellant's) plans to improve the town, and build it up, and to encourage manufacturing enterprises therein;" and it is also averred that appellant expected the value of its property to be enhanced by the operation of appellee's works; yet the bill does not negative the fact that these benefits did, in fact, accrue to appellant from the construction and operation of appellee's manufacturing establishment. From these facts it is quite manifest that, if a rescission should be decreed by the court, it would not be practicable for the parties to be put in the situation they occupied when the contract was made. What has been said disposes of the bill in so far as it seeks a rescission of the deed.

Another aspect of the bill is that by which it is sought to have a "resulting" trust declared in appellee's property generally to the extent of the money advanced. The averments of the bill show that this money was applied by appellee to the identical purposes contemplated by the parties, viz: the purchase of machinery to be placed in appellee's works. If, therefore, there is any element of trust in respect of the money, it does not arise from any misapplication thereof by appellee, but from the acts and conduct of appellee in obtaining it by means of alleged fraud and misrepresentation. The matter of misrepresentation we have not considered, for the reason that the bill alleges no misrepresentation of

any material fact, upon which the money was obtained by appellee. To constitute misrepresentation a ground for relief it must be predicated of some existing, material fact, or must amount to the affirmation of a matter in the future as a fact, and not a mere opinion, statement of intention, or promise to do some act in the future—*Birmingham Warehouse & Elevator Co. v. Elyton Land Co., supra*; Pomeroy's Eq., §§ 877, 888.

In the case last cited it is said: "A promise, strictly speaking, is not a representation. The failure to make it good may give a cause of action, but it is not a false representation which will authorize the rescission of a contract like the present. The making of a promise, and having no intention at the time of performing it, constitutes a fraud for which a contract may be rescinded."

It is equally well settled that a mere promise, unless the promissor has, at the time of making it, an intention not to perform, and by means of which the promisee is induced to part with property, will not constitute the promissor a trustee *ex maleficio* with respect to such property.

The averments of fact in the bill are insufficient to impress the alleged promise with the taint of fraud, according to the rule above laid down, for the reason that it is not alleged that appellee at the time of making the promise had no intention of performing it; and, in addition to this, there is no property described or particularized in the bill to which such a trust could attach. It could not be declared in the land, for the reason that the bill seeks to have the entire title to it divested out of appellee and re-vested in appellant. It could not be impressed on the machinery bought with the money, because it is not pointed out in the bill what machinery was purchased with the money, and also because the money was applied, and the machinery used as contemplated by the parties.—*Houston v. Farris & McCurdy*, 93 Ala. 587. The averments of the bill, it is clear, do not make out a resulting trust in favor of appellant in any of the property referred to in the bill.—3 Brick. Dig. p. 785, § 47.

And, disregarding the averments in the bill of mere conclusions of fact or law, there is nothing shown from which any other trust, which would be implied by law from the declarations or acts of the parties, could attach to appellee's property in respect of the money advanced to it by appellant.

Appellant's remedy, if any cause of action exists, is in a court of law to recover damages for the alleged breach of the contract.—*Huggerty v. Elyton Land Co.*, 89 Ala. 428; Mc-

[United States Rolling Stock Co. v. Weir.]

*Donald v. Elyton Land Co.*, 78 Ala. 382; *Stringfellow v. Ivie*, 73 Ala. 209.

The result is, the bill, as framed, can not be maintained on the ground of failure of consideration, nor on the ground of fraud and misrepresentation, nor on the ground of a resulting or other trust implied by law from the acts and declarations of the parties. The demurrers reached the defects herein pointed out, and there was no error in the decree of the chancellor dissolving the injunction, and dismissing the bill.—*Manning v. Pippen,* 95 Ala. 537 ; *Birmingham Warehouse &c. Co. v. Elyton Land Co.,* 93 Ala. 549; *Bell v. Lawrence,* 51 Ala. 160.

It is unnecessary to discuss the other questions raised by the record, and if the contract is verbal, as counsel for both parties treat it in their briefs, the questions which may arise on that state of facts will be found fully covered by the recent case of *Manning v. Pippen,* above cited

The chancellor's decree is affirmed.